## Sims & Hollis vs Harris.

**APPEAL FROM THE JESSAMINE CIRCUIT.**

*Joint actions.    Debt.    Covenant.*

DEBT.

*Case* 18.

JUDGE SIMPSON delivered the opinion of the Court.

December 14.

THE bond upon which this suit is brought, is made Case stated. payable to Harris and others, who were defendants in a chancery suit, and is conditioned for the payment of all such costs and damages as shall accrue, or be awarded to; or recovered by the defendants in consequence of the dissolution or discharge of the injunction or dismissal of the complainant's bill.

The bond being jointly payable to all the obligees, it is contended the suit was improperly instituted in the name of Harris alone.   So far, however, as each of the obligees in the bond has a separate interest in the performance of its stipulations, the cause of action is several and not joint, and a separate action of covenant may be maintained; (3 *Dana*, 65; 4 *B. Monroe*, 33.)

The action in this case is debt on the penalty of the bond.   It does not follow, because an action of covenant on the bond may be brought according to the separate interests of the obligees, that a separate action of debt, on the penalty, can be sustained.   The penalty of the bond is payable to the parties jointly.   In an action of debt it is merged in the judgment, and no other action can be brought on the bond; (1 *Marshall*, 514.)   Successive actions of covenant may be maintained by different plaintiffs, or by the same plaintiff for additional and subsequently accruing causes of action.   In debt for the penalty, the plaintiff is not confined in his recovery, to the amount of damages laid in his writ, but shall have judgment for the amount of the penalty, to be discharged by the damages sustained by the breach of the condition; (1 *J. J. Marshall*, 174.)

It is the amount of the penalty of the bond also, that gives jurisdiction, and not the damages laid or the amount recovered.

Though a bond executed to several as obligees, yet if there be separate rights and interests secured, each may maintain a separate action of covenant for redress, (3 *Dana*, 65; 4 *B. Monroe*, 33.) But if debt be brought and the whole penalty recovered, no other action can be brought, (1 *Marshall*, 514,) hence one of several obligees may not bring debt for his separate injury.

The penalty of the bond gives jurisdiction to the Court, and

POPE'S EX'ORS.
*vs*
ELLIOTT & Co.

not the damages laid or amount recovered.

There is, therefore, a substantial distinction between the two actions. If one of the obligees be permitted to sue alone in an action of debt on the bond, it is merged in his judgment, and if either of the others has a separate cause of action, it is thereby lost. For although the plaintiff might sue out a *scire facias* on the judgment for any subsequent breach of the condition of the bond that operates to his prejudice, this right would not enure to the other obligees, nor could it be made available by them, to obtain damages for the breach of those stipulations in which they had a separate interest.

We are of opinion, therefore, that Harris had no right to bring a separate action of debt on the bond in question, during the lifetime of the other obligees, and as the declaration does not suggest their death, the demurrer to it should have been sustained; (1 *Chitty's Pleadings*, 15.)

Wherefore, the judgment is reversed and cause remanded, with directions to sustain the defendant's demurrer to plaintiff's declaration.

*Hewitt* for appellant; *J. & W. L. Harlan* for appellee.

---

CHANCERY.

*Case* 19.

December 16.

Case stated.