McDowell & Co. v. Morgan et al.

————◄●○●►————

A. McDowELL & Co., Respondents, v. EDWARD MORGAN et al., Appellants.

*Action—Attachment.*—Where a bond for the forthcoming of the property attached before a justice is taken by the officer, and the property is not produced in obedience to the judgment and order of court, the plaintiff in the attachment has no cause of action upon the bond, either by motion or suit, until the bond is duly assigned to him. (R. C. 1855, p. 266.)

*Justices' Courts—Jurisdiction.*—A justice of the peace has jurisdiction to enter judgment on motion upon a forthcoming bond taken in an attachment suit commenced before him, although the penalty exceeds his jurisdiction in a direct suit upon the bond. (R. C. 1855. p. 266, & p. 925-6.)

*Appeal from St. Louis Law Commissioner's Court.*

*S. H. Gardner*, for appellants.

I. Neither the justice before whom the suit was commenced nor the Law Commissioner's Court had jurisdiction of the subject matter of the action.

The suit was founded on a penal bond, the penalty being one hundred and sixty-one dollars and twenty cents. (1 R. C. 1855, p. 266, § 14.)

II. Because, at the time this suit was brought, plaintiff had no cause of action against the defendants. The bond was made to P. W. Manning as obligee. The statute provides that he may assign the bond, and then the assignees might proceed in their own names. But this bond was not as-

signed at the time of the trial before the justice, and no assignment was pretended to be made until the bond was offered in evidence. On the trial in the Law Commissioner's Court, the plaintiffs having had no cause of action against defendants in the court where the suit was originally brought, they could not place themselves in any better position in the appellate court by procuring the assignment to be made there. The assignment might perhaps have been effectually made at the trial before the justice, but having failed to procure it there, they were bound to stand upon their cause of action as it was when it left the justice's court. (2 R. C. 1855, p. 973, § 18.)

DRYDEN, Judge, delivered the opinion of the court.

The plaintiffs sued Clark by attachment, and recovered judgment against him before a justice of the peace. After return of *nulla bona* on an execution issued on the judgment, the plaintiffs resorted to the present proceedings by motion against the obligors in the forthcoming bond given in the original suit for judgment for the value of the property attached, or so much thereof as should be sufficient to pay the amount due on the execution, and the justice having given judgment against the obligors they appealed to the Law Commissioner's Court, where, on a trial anew, they were again unsuccessful, and they have appealed to this court.

The statute fully warrants a proceeding like the one attempted in this case, and renders the obligors liable to a judgment in favor of the plaintiff for a sum sufficient to pay the primary judgment and damages; but, in order to this remedy, it is first the duty of the justice to direct the assignment, and of the constable to assign the bond to the plaintiff. Until the assignment is made, the plaintiff has no cause of action on the bond, which he can enforce in any form. (R. C. 1855, p. 266.)

. In this case no assignment was made until pending the trial in the Law Commissioner's Court. It was then too late, and of no avail so far as the then proceeding was concerned.

The plaintiffs could recover upon such title only as they had when they commenced before the justice, and having none then, they must of necessity go out of court.

The penalty of the bond being one hundred and sixty-one dollars, being in excess of the ordinary jurisdiction of justices of the peace, the counsel for the defence made the point before the law commissioner that the justice had no jurisdiction, and for this cause moved to dismiss. We think the objection was not well taken. The statute intends to give the party choice of two remedies: the one by motion in aid of the original suit, the other by an independent action at law based on the bond. In the one case, the jurisdiction of the justice is unaffected and unrestrained by the amount to be recovered, the general law defining the jurisdiction of justices' courts having no application; in the other, the jurisdiction is determined by the amount of the penalty of the bond sued on.

Because the bond was not assigned to the plaintiffs before the institution of the proceedings in the case, the judgment will be reversed and the proceeding dismissed.

The other judges concur.