THE STATE, use, etc., VS. L. LUCKEY et al.

1. JUSTICE OF THE PEACE: *Suit on bond — Jurisdiction of a justice of the peace in suits on the bond of another justice of the peace.*

Where a justice of the peace enters into an official bond in the penalty of $2,000, conditioned according to law, and suit is brought for damages for a breach of the conditions of such bond, the amount of the damages claimed, and not the penalty of the bond, is the criterion of jurisdiction. The action is not upon the bond for a sum certain, but the suit is brought to recover damages for an act in the nature of a tort.

2. SAME: SAME: *Case in judgment.*

M. brought suit on the official bond of L., a justice of the peace of Colfax county, for $150, for an alleged breach of his official bond. The proceeding was instituted before C., another justice of the peace. Plaintiff recovered a judgment for $100. On appeal to the circuit court, the case, on motion, was dismissed for want of jurisdiction in the justice of the peace who tried the case. *Held*, that it was error to dismiss the case. The justice of the peace had jurisdiction in the case. The penalty of the bond is not the criterion of the jurisdiction of the justice of the peace. The amount of damages claimed ($150) is the criterion, and of that amount the justice of the peace has jurisdiction.

ERROR to the Circuit Court of *Colfax* County.

Hon. J. A. ORR, Judge.

This was a suit instituted by Malone against Luckey, a justice of the peace, for damages which he alleged to have sustained by a breach of the conditions of his official bond. The suit was brought before Coggins, a justice of the peace, for $150 damages. The case was tried, and resulted in a judgment for plaintiff for

$100. An appeal was taken to the circuit court, where a motion was made to dismiss the case upon the ground that the justice of the peace had no jurisdiction of the case. The motion was sustained by the circiut court, and the case comes to this court on writ of error

The following is assigned for error, to-wit :

"The court erred in sustaining the defendant's motion to dismiss this cause for want of jurisdiction."

*Thos. E. Bugg*, for plaintiff in error :

Cited Rev. Code of 1871, § 824, as being in conflict with the constitution, art. VI, secs. 14, 23 ; Shattuck *v.* Miller, No. 1223, MSS. Op.; Code of 1871, § 1302.

*Flaniken & Gerdine*, for defendant in error :

Sec. 824, Code of 1871, provides that in all actions brought upon any bond for the payment of money, wherein the plaintiff shall recover, judgment shall be entered for the penalty of such bond, to be discharged, etc. The justice of the peace has no jurisdiction to render a judgment for $2,000, as provided in sec, 824, Code of 1871. In this connection we refer to Code of 1871, § 666. The amount of the bond, generally, gives the jurisdiction. Robinson's Prac., pp. 375, 377.

TARBELL, J., delivered the opinion of the court.

Suit before a justice of the peace, upon the official bond of another justice of the peace, for breach of the conditions of such bond.

The bond is in the penalty of $2,000; damages claimed, $150. There was recovery before the justice and a jury for $100, and then an appeal to the circuit court, where the suit was dismissed, on motion of defendants, on the ground that the justice had not jurisdiction in such case. Hence a writ of error.

The only ground relied upon to reverse the judgment is the action of the court in dismissing the cause for want of jurisdiction in the justice of the peace.

The action is not upon the bond for a sum certain nor is the

bond for the payment of a liquidated amount, or a " bond for the payment of money," as in § 824 of the code, but the suit is brought to recover damages for an act in the nature of a tort. This indicates the distinction upon which the case at bar ought to be determined.

As a general rule, in an action of debt upon a bond for the payment of money, the judgment will be for the penalty of the bond, to be discharged by the payment of the amount found to be due. Code, § 824.

The case at bar is not of this character, and hence its solution. Shattuck *v.* Miller, No. 1223, MSS. Op., not yet reported, is in point, upon principle. This view is not in conflict with § 666 of the code, and is in harmony with § 1302, which defines the jurisdiction of justices of the peace.

The solution of this case is not only consistent with our own simple but excellent system of jurisprudence, but in accordance with the most approved authorities. See Stone *v.* Murphy, 2 Clarke (Iowa), 35 ; Boomer *v.* Laine, 10 Wend., 525 ; O'Neil *v.* Martin, 1 E. D. Smith, 404, are especially in point, as are 2 Va. Cases, 42 ; 1 Munf., 555 ; 1 J. J. Marsh., 174 ; 8 B. Mon., 55 , 1 Rob. Prac., 375, and 1 Ch. Pl., 109, 114, 115, 373, 374, 375. See also, 2 Tidd's Pr., 879, 880 ; 2 Steph. Com., 159, 160 ; 5 Gilm., 559 ; 28 Ill., 63 ; 69 N. C., 140 ; 17 S. & R., 367 ; 1 Ark., 74 ; 15 id., 33 ; 5 Blackf., 357, and 33 Mo., 555.

In some of the states, jurisdiction in this class of cases, of suits upon various bonds, depends upon the special legislation.

The general rule in Indiana, is, that the jurisdiction of a justice of the peace depends upon the sum demanded at the conclusion of the declaration.

In principle, this is the rule declared in Shattuck *v.* Miller, *supra.* The same general rule is declared by the courts of Iowa, and in Stone *v.* Murphy, *supra,* it is held to be especially applicable in determining the jurisdiction of justices of the peace. The action in the case last cited was upon a penal bond. The chief justice, delivering the opinion of the court, said : " The first error

complained of by the defendant, in his affidavit, which was the basis of proceeding for the writ of error, was, that the suit being on a bond for three hundred dollars, the justice had no jurisdiction. The plaintiff claimed, however, only one hundred dollars. The amount claimed is the criterion of jurisdiction and not the amount that may appear to be due or owing on the instrument declared upon." A like rule prevails in several states.

The judgment of the circuit court, dismissing the appeal for want of jurisdiction in the justice of the peace, on the ground alleged, was wrong.

Judgment reversed and cause remanded.