## GREEN *v.* BETTS and another.

*(Circuit Court, E. D. Missouri.    March 24, 1880.)*

VENDOR'S LIEN—ASSIGNMENT—FAILURE OF CONSIDERATION—SPECIFIC PERFORMANCE.—A partial failure of consideration does not render the assignment of a vendor's lien void, and the assignor cannot subsequently seek to enforce the lien by a suit for specific performance before such assignment has been duly avoided.

Suit to enforce vendor's lien upon specific real estate.

*Wagner, Dyer & Emmons,* for complainant.

*W. B. Homer,* for defendant.

McCRARY, J.    This is a bill in chancery, brought to enforce a vendor's lien upon certain real estate described in the petition. The following are the material facts:    On the twelfth day of September, 1873, the plaintiff and defendant Betts entered into a written agreement for an exchange of real estate, by the terms of which plaintiff agreed to convey to said defendant his farm in Carroll county, Missouri, on which he then resided; and the defendant Betts, on his part, agreed

to convey to plaintiff several designated tracts of real estate, including one which is averred to be with no other description—"160 acres of Missouri land, with perfect title."

It is averred in the bill that defendant Brewster was a party to the transaction, although not signing the contract, and that the farm in Carroll county, Missouri, above named, was, by consent, conveyed to him instead of Betts, and that he had notice of plaintiff's claim. It is conceded that the contract has been complied with in all respects, except as to the conveyance of the 160 acres of Missouri land. Concerning this latter, which is the subject of this controversy, the facts, so far as they need now to be determined, are as follows: The plaintiff, by an instrument in writing which is not dated, but which was executed prior to January 7, 1874, assigned his claim for the said 160 acres of Missouri land to one J. S. Winfrey. This assignment was in the form of an order, addressed to defendant Betts, directing him to make the deed for said land to Winfrey, and signed by the plaintiff. On the seventh of January, 1874, it was assigned by Winfrey to John Dickinson, and on the fourteeth of March, 1874, it was presented to and duly accepted by defendant Betts. Thus the matter stood when, on the thirty-first of December, 1878, this suit was brought. On the first of August, 1879, seven months after the filing of the bill in this case, the order was assigned by Dickinson to the plaintiff.

It is insisted for the defence that these facts show that plaintiff did not own the cause of action at the time he brought the suit, and that therefore he cannot recover, in view of the well settled rule that the plaintiff in a suit must recover, if at all, upon the facts as they existed when he commenced proceedings. *Reppy* v. *Reppy*, 46 Mo. 571; *McDowell* v. *Morgan*, 33 Mo. 555; Waterman on Set-Off, 414. But it is insisted by the counsel for plaintiff that the case does not fall within this rule, because the assignment from Green to Winfrey was fraudulent and void. The proof upon this subject is that the consignment was executed in assideration of the purchase by plaintiff from Winfrey of the right to use and sell a certain patented article within a specified territory.

The plaintiff testifies that a portion of the territory had been previously sold, and that he was therefore defrauded; but he does not claim that all the territory had been previously sold, nor that the consideration for the assignment wholly failed. On the contrary, he admits that he made sales under the patent, and received some money therefor, though the amount is not specified.

It is evident, from the plaintiff's own statements upon this subject, that the contract of assignment was voidable only, and not absolutely null and void. It was not a transaction which he could of his own notion disregard *in toto*. He could not proceed to sue upon the contract as if it had never been assigned. It was probably a case in which the plaintiff had the right to rescind the contract by taking the necessary steps. But to do this he was bound to return, or offer to return, whatever of value he had received under the contract. He was bound to do whatever was in his power to place the parties in *statu quo*. Bishop on Contracts, § 203, and cases cited in note.

But it is further insisted that the proof shows that after the execution of the assignment, and while it was outstanding, the plaintiff demanded a deed from Betts, and notified him that the assignment to Winfrey was fraudulent, and that Betts then agreed virtually to convey to plaintiff, and did not insist upon the objection that the assignment and his acceptance thereof were outstanding. Here there is a serious conflict of testimony, but my conclusion is that the new promise is not established. Nor could it be upheld if proved, as it seems to have been without consideration. Besides, all the probabilities are against the correctness of plaintiff's version of this transaction.

It is not at all probable that Betts, with a knowledge that the assignment, with his written acceptance thereon, was outstanding, voluntarily agreed to make the deed in disregard thereof, and at his own risk. These considerations lead inevitably to the conclusion that the plaintiff did not own the cause of action when the suit was brought.

Counsel have discussed several other questions, to-wit: **(1)**

Whether there is sufficient proof of notice to Brewster; (2) whether the vender's lien was lost by his assignment of the claim for balance of the purchase price; (3) whether the plaintiff, if entitled to a lien, should recover the sum claimed ($1,180) and interest, or only the actual value of the 160 acres of Missouri land.

The ruling upon the question first discussed renders it unnecessary to pass upon any of these questions. I may remark, however, that there is a serious conflict of authority upon the question, whether a vendor's lien can be assigned, (see *Macketti* v. *Symmons*, White & Tudor's Lead. Cases in Eq. 235,) although the plaintiff cannot recover in this proceeding, because he had no cause of action when the suit was commenced; yet, as he has since come again lawfully into possession of the claim, and now owns it, I think it right to dismiss the suit, without prejudice, at plaintiff's cost, and it is so ordered.