CONTINENTAL CASUALTY CO. v. CROOK et al.

(Division A. May 26, 1930.)

[128 So. 574. No. 28206.]

S. E. Morse, of Birmingham, Ala., and W. E. Morse, of Jackson, and Gardner, Brown & Backstrom, of Gulfport, for appellant.

**J. D. Arrington, J. L. Taylor, Buntin & McIntosh,** and **T. J. White,** all of Gulfport, for appellee.

Buntin & McIntosh, of Gulfport, for appellees.

T. J. White, of Gulfport, for appellees.

**Cook, J.,** delivered the opinion of the court.

C. R. Crook, a resident citizen of Harrison county, Mississippi, owned a certain lot in the city of Gulfport, Mississippi, upon which he desired to erect a residence, and he made a contract for the construction of such residence. This contract recites that, "This agreement entered into this 10th day of June, 1927, between P. E. Ellsworth, factory representative of the Hortman Salman Company of New Orleans, Louisiana, and hereinafter referred to as the party of the first part, and C. R. Crook, of Gulfport, Mississippi, hereinafter referred to as the party of the second part," and is signed "The Hortman Salman Company, Inc., by P. E. Ellsworth, Factory Representative." A memorandum of changes in the specifications, which is attached to the contract, is signed in the same way, while an addition to the contract, written thereon, is signed "P. E. Ellsworth, Contractor." The contract provides that the house should be constructed according to plans and specifications thereto attached, and made a part of the contract, for a cash consideration of three thousand dollars. Thereafter the Continental Casualty Company executed a bond in the sum of three thousand dollars in favor of C. R. Crook, as obligee, with P. E. Ellsworth as principal, reciting that the principal had "entered into a written contract, dated ——, 192—, with the obligee, for furnishing necessary labor and material for the construction of a

dwelling, which contract is hereby referred to and made a part hereof as fully and to the same extent as if copied at length herein;'' and conditioned to ''indemnify the obligee against any loss or damage directly arising by reason of the failure of the principal to faithfully perform said contract.'' After the house was begun and partially completed by P. E. Ellsworth, and after Mr. Crook had paid the sum of two thousand one hundred fifty-one dollars to Ellsworth, he abandoned the contract. Thereupon Mr. Crook notified the said Casualty Company that Ellsworth had defaulted in his contract, but the surety company declined to recognize any liability on its part to complete the contract, and thereupon Mr. Crook completed the building at an expense of nine hundred eighty-eight dollars in excess of the contract price of three thousand dollars.

After the completion of the contract by C. R. Crook, he filed a bill of complaint in the county court of Harrison county against P. E. Ellsworth, the Continental Casualty Company, and various individuals and corporations who had furnished labor and material in and about the construction of said building, alleging that P. E. Ellsworth was acting without the scope of his authority in signing the name of the Hortman Salman Company, Incorporated, to said contract, and that it became, and was, a personal contract of the said P. E. Ellsworth, and that the bond executed by the surety company guaranteed the completion of the contract by Ellsworth. The bill also alleged that G. J. Kirkland, Jr., the resident local agent of the said Continental Casualty Company, saw the contract, and that when he executed the bond he understood that the contract was a personal one between the said C. R. Crook and P. E. Ellsworth, and that in writing the bond he intended to, and did, thereby guarantee the performance of this contract by Ellsworth. The bill also alleged that Ellsworth was indebted to the several laborers and materialmen who were made parties de-

fendant, in amounts unknown to the complainant, and that they were made parties in order that they might intervene and propound their claims; and alleged that the complainant was advised that he was entitled to have the contract reformed so as to be the personal contract of P. E. Ellsworth, and to have the same declared to be the contract on which the bond of the Continental Casualty. Company was written. The prayer of the bill was for a reformation of the contract, so as to be the personal contract of P. E. Ellsworth, and that it be decreed to be the contract upon which the bond of the Continental Casualty Company was written; that the complainant be granted a decree against the said P. E. Ellsworth, and against the surety company on its bond, for the sum of nine hundred eighty-eight dollars, and for general relief.

The several materialmen who were made parties defendant to the bill of complaint filed answers setting forth the nature and character of their claims, and made their answers cross-bills against P. E. Ellsworth and the Continental Casualty Company, and prayed for decrees against them for the amount of their several claims for labor and material furnished to Ellsworth, and used in the construction of the building. The defendant, Ellsworth, did not appear, or answer the bill of complaint, but the Continental Casualty. Company answered the original bill and cross-bills, and denied that P. E. Ellsworth entered into a contract with C. R. Crook, and denied that the contract, made an exhibit to the bill of complaint, was the contract of Ellsworth, but averred that the contract was the contract of Hortman Salman Company. It admitted the execution of a bond for P. E. Ellsworth individually, but denied any notice of the abandonment of the contract by Ellsworth; denied that it was under any liability to complete a contract with the Hortman Salman Company; denied that Ellsworth was acting outside the scope of his authority in signing the name of Hortman Salman Company to said contract, and

averred that complainant Crook executed the contract with Hortman Salman Company without inquiring into the authority of Ellsworth. This answer further denied that its agent, Kirkland, saw the contract, and understood that it was a personal contract between C. R. Crook and P. E. Ellsworth; and denied that the bond executed by it guaranteed that P. E. Ellsworth would complete the contract with Hortman Salman Company; and denied all liability to any of the parties to the suit.

At the conclusion of the final hearing, the court granted a decree finding that the complainant, C. R. Crook, and the interveners, were entitled to the relief prayed for; that P. E. Ellsworth entered into a contract with C. R. Crook to construct a house for Crook; that the Continental Casualty Company executed its bond to C. R. Crook in the sum of three thousand dollars as surety for the completion of said house according to said contract. The decree further found the several amounts due to the cross-complainants, and ordered that the complainant, C. R. Crook, recover the full sum of nine hundred eighty-eight dollars, and that the several cross-complainants recover of and from the said surety the remaining two thousand twelve dollars of the bond, the said amount to be prorated among them in proportion to the several amounts due. The decree adjudicated that P. E. Ellsworth was due to the cross-complainants the amount of their several claims, but awarded no personal judgment against him, for the reason that there had been no personal service on him, and he had entered no appearance. From this decree the Continental Casualty Company appealed to the circuit court, where the decree was affirmed, and, from the judgment of affirmance, this appeal was prosecuted.

As to the execution of the contract and bond, the appellee, Crook, testified that in the negotiations leading up to the execution of the contract, all his dealings were with P. E. Ellsworth individually; that the agreement

and contract to construct the house were made with Ells-worth individually; that he had no dealings whatever with the Hortman Salman Company, and did not intend to make, and did not make, any contract with it; that P. E. Ellsworth individually assumed the obligations of the contract, and began the construction of the house, and that he paid to Ellsworth individually, for work and material furnished by him in and about the construction of the house, the sum of two thousand one hundred fifty-one dollars; that before he signed the contract he went with Ellsworth to G. H. Kirkland, the agent of the Continental Casualty Company, and secured from him the assurance and promise that the surety company would execute a bond guaranteeing the performance of the contract by Ellsworth, and that a few days thereafter a bond so conditioned was executed and delivered to him, In the record it was also agreed that the manager of the Hortman Salman Company, Incorporated, if present, would testify that it did not enter into a contract with the complainant for the construction of the house in question; that the signature of the Hortman Salman Company, Incorporated, by P. E. Ellsworth, factory representative, is not the signature of the Hortman Salman Company, Incorporated, in fact, and that the said P. E. Ellsworth was not the factory representative or agent of the said company on the date the contract was signed. G. H. Kirkland, the agent of the Continental Casualty Company, testified that P. E. Ellsworth occupied an office adjoining his office; that he understood that Ellsworth was going to build a residence for Mr. Crook, and that he solicited the bond therefor, and that he executed the bond with P. E. Ellsworth as principal, which guaranteed the completion of the contract by Ellsworth.

The assignment of error challenged the jurisdiction of the county court, first, on the ground of the alleged insufficiency of the affidavit upon which publication of summons for P. E. Ellsworth was based, the point of attack

upon these affidavits being that they did not expressly aver that the post office address of the defendant, Ellsworth, was unknown to the complainant after diligent inquiry to ascertain it. The opening paragraph of the original bill of complaint avers that the place of residence and post office address of P. E. Ellsworth, an adult, is unknown, and the affidavit attached to the bill of complaint contains the following averment: ''Affiant further says on oath that the said P. E. Ellsworth is not within the State of Mississippi, and that his address is unknown to your affiant although he has made diligent search and inquiry in an effort to ascertain same, and that the place of residence and postoffice address of the said P. E. Ellsworth remains unknown to affiant after diligent search and inquiry to ascertain the same.''

Section 3130, Hemingway's 1927 Code, provides that a defendant in any chancery proceeding may be summoned by publication if such defendant ''be shown by sworn bill or petition, or by affidavit filed, to be a nonresident of this state, or not to be found therein on diligent inquiry and the postoffice of such defendant be stated in the bill, petition or affidavit, or if it be therein stated that it is not known to the complainant or petitioner after diligent inquiry,'' etc.

In this case the original bill charged that the place of residence and post office address of the defendant, Ellsworth, was unknown, while the affidavit attached thereto expressly charged that the said Ellsworth was not within the state of Mississippi, and that his address was unknown to complainant, although he had made diligent search and inquiry, in an effort to ascertain it, and that the place of residence and post office address of the said P. E. Ellsworth remain unknown to the affiant after diligent search and inquiry to ascertain it. This was a sufficient compliance with the statutory requirement that the affidavit or sworn bill shall aver that the post office address is unknown to the complainant after diligent in-

quiry. The statute requires that the complainant shall make oath that after diligent inquiry to ascertain it, the post office address is unknown, and the averment that "the place of residence and post office address of the said P. E. Ellsworth remains unknown after diligent search and inquiry to ascertain the same," is equivalent to an averment that the place of residence and post office address of the said defendant is unknown to complainant after diligent inquiry to ascertain it, and consequently was a sufficient compliance with the statutory requirement that the affidavit or sworn bill shall aver that the post office address of a defendant is unknown to the complainant after diligent inquiry.

The several cross-complainants filed a sworn petition, averring that the cross-complainants had made diligent search and inquiry in an effort to locate the said P. E. Ellsworth, and that he was not within the state of Mississippi, that his place of residence and post office address were unknown to the cross-complainants, although they had made diligent search in an effort to ascertain the same, and that after diligent inquiry by them, the said post office address and place of residence of said P. E. Ellsworth remained unknown to them. The affidavit attached to this petition, which was signed by some of the cross-complainants individually, and by the attorneys of record of the others, averred that the facts stated in the petition were true and correct as therein stated, and that P. E. Ellsworth was not in the state of Mississippi, and his post office address and place of residence were unknown to the affiants and all cross-complainants, although affiants and all cross-complainants had made diligent search and inquiry in an effort to ascertain such post office address and place of residence. This constitutes a substantial and sufficient compliance with the statutory requirement as to the form of the affidavit, and with the requirement of the said section 3130 of Hemingway's 1927 Code that, if the affidavit be made by

another for the complainant or petitioner, it shall aver that such post office address is unknown to affiant after diligent inquiry, and he believes it is unknown to the complainant or petitioner after diligent inquiry by the complainant or petitioner.

The appellant next challenges the jurisdiction of the county court on the grounds, first, that the bill of complaint seeks the reformation of a contract for a sum in excess of the one thousand dollars jurisdictional limit allowed in the county court, and, second, that the total amount of the claims sued for by the complainant and the cross-complainants is largely in excess of the jurisdiction of the county court. We do not think there is any merit in the contention that the county court is without jurisdiction, for the reason that the bill of complaint prayed for a reformation of the contract. It is true that the bill prayed for a reformation of the contract, and for a recovery against the bond of the amount of complainant's claim; still, the bill charges that the contract was the personal contract of the said P. E. Ellsworth, and the court correctly held that the contract was made between P. E. Ellsworth, individually, and C. R. Crook; and consequently there was no necessity for a reformation of this contract. It is clear, from a consideration of the face of the contract and of the evidence, that it was the intention of the parties that it should be the personal contract of P. E. Ellisworth, and that the agent of the surety company so understood; and that the surety company was not misled in any way, but that the bond, as written and executed, and the obligations assumed thereby, are in exact accord with the intention of the surety, and the desire of all the parties thereto, and therefore no reformation of the contract was necessary in order to authorize the maintenance of a suit on the bond which was executed to guarantee the performance of the contract. This being true, the jurisdiction of the court is determined and fixed by the amount demanded in the original

suit, which was the sum of nine hundred eighty-eight dollars. In a suit to establish liability against a bond for a breach of the conditions thereof, the criterion of jurisdiction is the amount of damages claimed, and not the penalty of the bond, as was expressly held in the case of State, etc., v. Luckey, 51 Miss. 528. In support of this view, see, also, the cases of May v. Williams, 61 Miss. 125, 48 Am. Rep. 80; Shattuck v. Miller, 50 Miss. 386; Higgins v. Deloach, 54 Miss. 498; Ross v. R. R. Co., 61 Miss. 12; Fenn v. Harrington, 54 Miss. 733.

In support of the contention that the county court was without jurisdiction for the reason that the total amount of the claims propounded against the bond exceeded the jurisdictional limits of the court, the appellee relies upon a line of cases from the United States supreme court which hold, in effect, that where several plaintiffs or claimants are interested collectively, under a common title, and have a common and undivided interest or claim in the subject-matter, or matter in controversy, the jurisdiction of the court is determined by the total amount of the claims or interest of the parties. In those cases, however, the court expressly recognized the distinction between cases in which there are several plaintiffs interested collectively under a common title, and those wherein the matters in dispute are separate and distinct, and are joined in one suit for convenience or economy. In the case of Sinclair & Co. v. Cooper et al., 103 U. S. 754, 755, 26 L. Ed. 322, the court said that, "in all the cases where we have held that several sums decreed in favor of or against different persons could not be united to give us jurisdiction on appeal, it will be found that the matters in dispute were entirely separate and distinct, and were joined in one suit for convenience and to save expense. . . . Here, however, the matter in controversy was the amount due the salvors collectively, and not the particular sum to which each was entitled when the amount due was distributed among them. As in

Shields v. Thomas, 17 How. (58 U. S.) 3, 15 L. Ed. 93, 'They all claimed under one and the same title. They had a common and undivided interest in the claim, and it was perfectly immaterial to the appellants how it was to be shared among them. If there was any difficulty as to the proportions . . . the dispute was among themselves.' ''

In the case at bar the claims of the complainant and the several cross-complainants are entirely separate and distinct. They are based upon separate and distinct contracts, and each presents a separate and distinct cause of action, depending upon entirely different proof. The recovery on any one of these separate claims is in no wise dependent upon recovery in any of the others. One may recover all or any part of his claim, while all the others may lose. As said in 15 C. J. 773, ''The jurisdiction of the court is determined by the amount in controversy at the time when the court is first called on to exercise jurisdiction, which in a trial court is the amount claimed at the time when the suit is instituted,'' and the jurisdiction cannot be determined by some uncertain, unknown, or undetermined claim or interest that some other party may have against the same defendant. In the case at bar, each of the separate claims of the interveners was within the jurisdiction of the county court, and the amount sued for by the original complainant being within the jurisdiction of the court, its jurisdiction was thereby fixed, and was not lost by reason of the fact that certain interveners propounded claims against the defendants which in the aggregate amounted to a sum in excess of the jurisdiction of the court.

When the several cross-complainants offered proof to establish the various items of their claims or accounts filed as exhibits to the cross-bills, this evidence was objected to, on the ground that the accounts were not particularized, as required by section 2584 of Hemingway's 1927 Code, the particular objections being on the ground

that the accounts do not show the dates when the labor was performed or the material furnished. These objections were overruled, as likewise were the objections to the introduction in evidence of the itemized accounts. Thereafter no evidence was offered to establish the dates when these items were furnished, and the appellant now assigns as error the action of the court in overruling its objections to the evidence offered to establish these accounts.

Section 2584, of Hemingway's 1927 Code, provides that suits to enforce mechanics' or materialmen's liens, "Shall be commenced by petition, describing with reasonable certainty the property upon which the lien is averred to exist, and setting out the nature of the contract and in-debtedness, and the amount thereof; and the plaintiff shall file therewith in all cases, except where the whole work or materials, or both, were furnished in pursuance of a written contract for an aggregate price, a bill of particulars exhibiting the amount and kind of labor performed, and of materials furnished, and the prices at which and times when the same were performed and furnished."

If it be conceded that this statute applies in the case at bar, there can be no merit in these assignments in so far as the account of the Eagle Lumber & Supply Company is concerned, for the reason that the account or bill of particulars exhibited with its answer and cross-bill fully complies with the requirement of the statute that the account or bill of particulars must show "the amount and kind of labor performed, and of materials furnished, and the prices at which and times when the same were performed and furnished."

As to the claims or accounts of the other cross-complainants, while the bills of particulars thereof filed with the cross-bills are itemized, the dates upon which the labor was performed and the material furnished are not shown thereon, but, under our views, it will not be neces-

sary to decide whether this omission would defeat a recovery on these accounts if this were a proceeding to enforce a mechanic's or materialman's lien on the building constructed. This suit was not instituted under or by virtue of any provisions of Section 2584, Hemingway's 1927 Code, and the rights of the cross-complainants are not measured or limited by any of the provisions or regulations of that section. The suit was instituted to recover on a bond executed to guarantee the faithful performance of a contract to construct the building, and the rights of the cross-complainants are based upon, and the cause proceeded to judgment under and by virtue of, the provision of section 2598, Hemingway's 1927 Code, that where such a bond is executed it "shall also be subject to the additional obligations that such contractor or subcontractor, shall promptly make payments to all persons furnishing labor or material under said contract; and in the event such bond does not contain any such provisions for the payment of the claims of persons furnishing labor or material under said contract, such bond shall nevertheless inure to the benefit of such person furnishing labor or material under said contract, the same as if such stipulation had been incorporated in said bond; and any such person who has furnished labor or materials used therein; for which payment has not been made, shall have the rights to intervene and be made a party to any action instituted on such bond, and to have his rights adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the rights or claim for damages or otherwise, of the obligee. If the full amount of the liability of the surety thereon is insufficient to pay the full amount of said claims and demands, then, after paying the full amount due the obligee, the remainder shall be distributed pro rata among said intervenors."

In the case at bar, the exhibits filed with the several cross-bills sufficiently itemize the claims or accounts of

the several laborers or materialmen for labor and material furnished in the construction of the building to authorize a recovery thereon against the bond, if properly supported by proof that the labor and material were furnished under the contract and used in the construction of the building. The proof in support of the claims of the several cross-complainants herein fully supports the finding of the court that the labor and material were so furnished and used; and therefore the decree of the court below will be affirmed.

Affirmed.