BRADY, Justice:
This is an appeal from the Circuit Court of Hinds County, Mississippi, wherein appellant’s suit was dismissed when the circuit court sustained a motion of the appel-lees predicated on the ground of res adju-dicata. From that dismissal appellant perfects this appeal.
It is from the pleadings largely that we are able to reconstruct what happened in the county court of the First Judicial District of Hinds County where suit was filed by the appellees in October 1969. This suit was based on a promissory note made payable to appellees by the appellant with a balance due of $6,224.99. To this suit filed by the appellees, appellant filed a counterclaim asserting a defense of usury under Mississippi Code 1942 Annotated section 36 (1956). The appellant charged in the counterclaim that there were some 572 transactions in which he and the appellees were involved and that the amount due because of usury amounted to the sum of $84,000. This case proceeded to trial in the county court and the jury returned a verdict for the appellant in the amount sued for, which was approximately $84,000. Subsequent to the verdict, the appellees moved for a judgment notwithstanding the verdict. Appellees assert that the county court granted the judgment notwithstanding the verdict for the reason that the county court did not have jurisdiction to entertain a counterclaim in excess of its maximum jurisdictional limit of $10,000. As reflected in the brief of appellant, the county court agreed that it did not have jurisdiction and sustained appellees’ motion for judgment notwithstanding the verdict. No appeal was taken from that judgment. However, the appellees had contended that the judgment notwithstanding the verdict was granted by the county court for the reason that the appellant had failed to offer any proof that a single one of the commercial paper notes was not in excess of the limit of $10,000.
On March 11, 1969, the county court rendered its judgment allowing neither the claim of the appellees nor the claim of the cross complainant, the appellant here. Over a year later, on July 2, 1969, appellant filed a declaration in the Circuit Court of the First Judicial District of Hinds County. The declaration of appellant alleged substantially the same matters as heretofore appellant had alleged in his counterclaim in the Circuit Court of Hinds County. To this declaration appellees filed a plea in bar of res adjudicata and also a plea in bar of the statutes of limitation of one and three years.
On November 11, 1970, the circuit court entered its order sustaining the plea in bar of res adjudicata filed by appellees but did not rule on the plea in bar based on the statutes of limitation. The appeal to this Court is predicated solely upon the plea in bar of res adjudicata.
Appellant assigns only one error, which is, the county courts of Mississippi are without jurisdiction to entertain counterclaims in excess of the jurisdictional limit of $10,000 and, therefore, the judgment of the county court could not be res adjudicata of the merits of the controversy and the plea in bar was wrongfully sustained by the court below.
It should be noted that appellees concede in their brief as follows:
* * * in truth and in fact the only matter to be decided by this Court is the plea in res judicata, and the action of the Circuit Court of the First Judicial District of Hinds County should be sustained so that the rule formerly announced by this Court in such case shall still prevail.
Actually, before the assertion of appellees that the plea of res adjudicata was properly sustained, it must be shown that the county court had jurisdiction not only of the parties but also the subject matter. The statutes of this state are determinative of the question of jurisdiction and it is to *190 these statutes which we must turn. Mississippi Code 1942 Annotated section 1483.5 (1956) provides in part as follows :
1. In all suits at law where the defendant has a claim or demand against the plaintiff arising out of or connected with the situation, occasion, transaction or contract or subject matter upon which the plaintiffs action is based, whether the claim or demand of the defendant is liquidated or unliquidated, the defendant in his answer may plead his claim or demand against the plaintiff by way of counterclaim, in recoupment, stating the facts upon which such counter-claim is based.
The record in this case fails to include any testimony or other evidence, except ledger sheets relating to the counterclaim and the judgment, and the only available information which we can obtain must be gleaned from the pleadings, and it is apparent “that the amount or value of the thing in controversy exceeds, exclusive of costs and interest, the county court jurisdictional amount of $10,000.” That portion of Mississippi Code 1942 Annotated section 1604 (Supp.1971) which applies here provides as follows:
§ 1604. County court — jurisdiction.
* * * * * *
The jurisdiction of said court shall be as follows: It shall have jurisdiction concurrent with the courts of justices of the peace in all matters, civil and criminal of which justices of the peace have jurisdiction; and it shall have jurisdiction concurrent with the circuit and chancery courts in all matters of law and equity wherein the amount of value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of Ten Thousand Dollars ($10,000.00). * * * (Emphasis added.)
The declaration of the appellant filed in the circuit court charged that all of the 572 transactions were made on oral agreements between the parties based upon interest charges as follows:
That the plaintiff was then and there engaged in the business of inventorying and selling to the general public electric vacuum cleaners, and that the defendants [appellees here] sought to earn interest income by making loans of varying amounts * * * for the purpose of providing plaintiff with operating capital, and that said arrangements amounted to direct personal loans to the plaintiff [appellant here]
The appellant charges in his declaration that he “is entitled to recover of and from the defendants [appellees], jointly and severally, the sum of $84,317.02” for which amount the appellant demands judgment.
It is apparent that the declaration of the appellant in the circuit court was a suit for the express sum of $84,317.02. The language in appellant’s declaration is verbatim with the allegations set forth in appellant’s counterclaim filed to the declaration of the appellees in county court. It is obvious that the counterclaim filed by the appellant in the county court was also for the exact sum of $84,317.02. In county court the appellant here “demanded judgment of and from the cross-defendants [appellees] jointly and severally, in the sum of $84,-317.02 plus interest allowed by law and all court costs accrued herein.”
A careful review of the briefs together with a study of the authorities cited therein, particularly those of the appellees, fails to present any case which is authority to support appellees’ contention that that which transpired in the county court constitutes res ad judicata under the general interpretation accorded these words. Ap-pellees cite thirty-five cases dealing with what constitutes res adjudicata but no case is cited by the appellees which shows that jurisdiction was vested in the county court in spite of the fact that appellant’s counterclaim was for the sum of $84,317.02.
We agree with the assertion made by the appellant, namely, there does not appear to *191 be any Mississippi case directly in point which would authorize a county court to assume jurisdiction over a counterclaim in excess of the amount of $10,000. We do not have a record of the evidence which was presented in the county court other than that which is reflected in the pleadings, including the counterclaim, and the verdict of the county court together with the judgment notwithstanding the verdict. As is frequently the case, we find a sharp conflict in briefs of counsel representing the litigants as to what actually transpired and upon what basis the county court rendered its judgment notwithstanding the verdict. The appellant asserts that “the court agreed that it did not have jurisdiction and sustained appellees’ motion for a judgment notwithstanding the verdict.” Appellant further asserts that “the citations are literally too numerous to mention that the rule of law is too well founded to brook argument that a court may dispose only of such things as it has jurisdiction over. If the county court had no jurisdiction of a counterclaim it could not dispose of it one way or the other and, in fact, this was the holding of the county court.
To the contrary, appellees urge in their briefs that the order of the county court sustaining the motion of the appellees for a judgment notwithstanding the verdict was not based on the issue of jurisdiction of the county court but upon the failure of the counterclaimant to have made proof of his case and the alleged 572 distinct transactions. Both litigants cite the cases of Barnes v. Rogers, 206 Miss. 887, 41 So.2d 58 (1949); Catchot v. Russell, 160 Miss. 330, 134 So. 140 (1931); and Continental Casualty Company v. Crook, 157 Miss. 518, 128 So. 574 (1930). None of these cases has application to the issue here for the reason that factually they are distinguishable. In the light of the statutes herein-above noted, we hold that the county court was without jurisdiction (power) to enter any judgment in the controversy beyond the dismissal thereof or the transference of the case to the proper chancery or circuit court. For that reason, regardless of the form of the judgment actually entered by the county court, it does not affect the respective rights of the parties to litigate the issues in the proper forum.
In Hines Motor Company, Inc. v. Hederman, 201 Miss. 859, 30 So.2d 70 (1947), this Court, speaking through Justice L. A. Smith, Sr., said:
[T]he forum wherein this action was instituted was not a court of general jurisdiction, but of limited jurisdiction only. Such a court can exercise no authority other than that conferred by the statute, and clearly so. Its powers or jurisdiction cannot be extended by implication. A case on this point is Welch v. Bryant, 157 Miss. 559, 562, 128 So. 734, citing 15 C.J. p. 982. (201 Miss. at 869; 30 So. 2d at 73.)
If any inference is to be drawn from the cases hereinabove cited it is that a counterclaim would not be cognizable in a county court which exceeds the jurisdictional amount set by the legislature. We do not conclude that the filing of a counterclaim by the appellant can be merely considered to be subsequent events such as those spoken of in the Barnes case, supra.
We conclude that we are correct in saying that a county court is one of general but limited jurisdiction. It may exercise jurisdiction concurrently with circuit and chancery courts but is in terms of amount in controversy a court of limited or special jurisdiction in that the legislature saw fit to restrict it to amounts not in excess of $10,000. It is undoubtedly true that jurisdiction attaches with the filing of the declaration or complaint when the amount sued for is not in excess of $10,-000. Jurisdiction once attached will not be defeated by subsequent events; that is to say, if it is discovered at a later date, the object in controversy is actually worth more than the jurisdictional limit of the court, jurisdiction still will not be affected, provided there was no fraud involved. Also, if several intervenors appear and file claims, each of which is separately within *192 the jurisdictional limit, they can also be determined in the county court but which are in the aggregate beyond that limit jurisdiction still will not be defeated. We must decide whether the county court acquired jurisdiction insofar as the counterclaim is concerned. We hold that the counterclaim, just as is required of the declaration, must comply with the same jurisdictional prerequisites and if those jurisdictional requisites are not met then the counterclaim cannot be adjudicated in the county court. This appears to be the general rule.
Since apparently we do not have any Mississippi case directly in point, this is a case of first impression. We cite secondary authority in support of our holding. A review of Corpus Juris and American Jurisprudence seems to indicate that this is the general rule. 21 C.J.S. Courts § 66; 20 Am.Jur.2d Courts section 169 (1965). We find nothing in the statutes of Mississippi, section 1604 (Supp.1970), section 1483.5 (1957) or in any of the cases decided in this state which in any way conflicts with this general rule. The logic of the rule is apparent and the spirit of the legislative intent to limit the jurisdiction of the county, courts to matters in controversy worth an amount not in excess of $10,000 is also consistent with this rule.
We hold, therefore, that the county court did not have jurisdiction of the counterclaim and for the foregoing reasons the judgment of the circuit court in sustaining appellees’ plea of res adjudicata is reversed and the cause is remanded to the circuit court for trial on all issues.
Reversed and remanded.
GILLESPIE, C. J., and JONES, IN-ZER and SMITH, JJ„ concur.