RANDOLPH, PRESIDING JUSTICE,
FOR THE COURT:
¶1. S.C. Anderson Group International, Inc. (“AGI”) filed two motions — one for *1241 leave to amend its complaint and one to transfer to the Circuit Court of Madison County. The County Court of Madison County granted AGI’s motion to transfer based on AGI’s averments and argument that it was seeking more in damages than it originally pleaded, specifically an increase in attorney’s fees. If the amendment were allowed, the ad damnum clause would exceed the $200,000 jurisdictional limit of the county court. Based on the facts and record presented in today’s case, we hold that the jurisdiction of the county court attached at the time the original complaint was filed. We reverse the transfer order. We remand the case to the circuit court with instructions to transfer AGI’s claims against Ram-Kabir of America, LLC, back to the county court.[1]
STATEMENT OF PROCEEDINGS BELOW
¶2. Although this proceeding has numerous contested facts, what is uncontested is that at the time AGI filed its complaint, AGI pleaded that the amount in controversy was $171,073.63, plus attorney’s fees in Counts I and III, and up to $171,073.63, with no claims for attorney’s fees, in alternative Counts II and IV.[2]
¶3. In AGI’s motions for leave to amend its complaint and transfer and at the hearing set for same, AGI prayed to increase the ad damnum clause and seek an undetermined increase in attorney’s fees, while seeking no increase for the underlying claim. AGI argued that jurisdiction in the county court would be defeated by granting leave to amend the complaint. Ram-Kabir contested both motions, arguing that the county court could not be stripped of its jurisdiction based upon subsequent events and that the motion to amend was untimely and in violation of an agreed scheduling order., After receiving argument and without granting the motion to amend the ad damnum clause, the county court transferred the case to the Madison County Circuit Court. Ram-Kabir filed an interlocutory appeal of that order, which this Court granted.[3]
ANALYSIS
¶4. It is well-established that jurisdiction is a question of law, which we review de novo. Derr Plantation, Inc. v. Swarek, 14 So.3d 711, 715 (Miss.2009). “Jurisdiction is decided based on the existing facts at the time the action is commenced.” Bronk v. Hobson, 152 So.3d 1130, 1132 (Miss.2014) (quoting Joshua Properties, LLC v. D1 Sports Holdings, LLC, 130 So.3d 1089, 1092 (Miss.2014)); “To determine whether a court has subject matter jurisdiction, we look to the face of the complaint, examining the nature of the controversy and the relief sought.” RAS Family Partners v. Onnam Biloxi, LLC, 968 So.2d 926, 928 (Miss.2007). We refer to Section 9-9-21 of the Mississippi Code for all cases brought in county court. County courts ".... shall have jurisdiction concurrent with the circuit and chancery courts in all matters of law and equity wherein the amount of value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of Two Hundred Thousand Dollars ($200,000.00)_” Miss. Code Ann. § 9-9-21 (Rev. 2014). In this action, jurisdiction attached when AGI elected to file its complaint in county court for an amount within the jurisdictional lim *1242 it of $200,000. It sought damages for time and material in the amount of $171,073.63.[4]
¶5. AGI argued to the trial court, and the trial court agreed that Wal-Mart Super Center v. Long, 852 So.2d 568 (Miss.2003) controlled. Wal-Mart, an outlier, is readily distinguishable. The first issue addressed by the Wal-Mart - Court was whether Wal-Mart “suffered ‘actual prejudice’ after Long was allowed to amend her complaint, requiring the Court to consider what bearing the federal right to removal has on the state’s policy to freely allow amendments.” Id. at 570. A significant distinction from today’s case is that the county court granted Long’s motion to amend the ad damnum clause. Id. at 570. This did not occur in the case sub judice. Additionally, the Wal-Mart Court devoted almost its entire analysis to this issue and the standard of review before opining that an abuse-of-discretion standard should apply. Id. Our standard of review in the case sub judice is de novo. Wal-Mart argued that Long’s attempt to amend the complaint after the expiration of the one-year time limit on removal was a “ ‘classic example of forum manipulation’ ” which would result in actual prejudice in preventing Walmart from exercising its right to removal. Id. No claim of forum manipulation has been identified in the case sub judice. Long argued that there was “no dilatory motive or bad faith for the delay and-assured the court that the delay was unintentional.” Id. Collectively, none of these claims, arguments, or issues is present in the matter before the Court today.
¶6. The pronouncement in Wal-Mart answering whether county courts have “the authority to transfer a case to circuit courts by granting an amendment that effectively divests itself of jurisdiction,” was made without overruling or citing any of our caselaw Id. at 574. That record and the facts which precipitated that decision are not present in the case sub judice (a point conceded by AIG at the hearing before the trial court). We reject AGI’s argument that it is compelling authority in today’s case, given that our caselaw, spanning more than 140 years, is contrary.
¶7. In 1930, this Court held that “the jurisdiction of the court is determined and fixed by the amount demanded in the original suit. ... [T]he criterion of jurisdiction is the amount of damages claimed.” Cont’l Cas. Co. v. Crook, 157 Miss. 518, 128 So. 574, 577 (1930). In Catchot v. Russell, 160 Miss. 330, 134 So. 140 (1931), that Court, relying on cases decided as far back as 1876, held:
the principal amount in controversy in determining whether jurisdiction is in the circuit court or the court of a justice of the peace is ascertained as of the date of the filing of the suit, and that the attorney’s fee, provided for in the contract, or note, is a part of the said principal amount, and may be calculated on the demand, augmented by the interest to the date the suit was filed; and if the attorney’s fee, thus ascertained, added to the face of the note, excluding interest, is in excess of $200, the circuit court has jurisdiction of the cause.
Catchot, 134 So. at 142 (emphasis added). In Barnes v. Rogers, 206 Miss. 887, 41 So.2d 58 (1949),[5] the Court held:
*1243 In 21, C.J.S., Courts, § 54(b), page 64, we find the rule stated to the effect that the jurisdiction of a court is determined by the amount in controversy at the time when the court is first called on to exercise jurisdiction, which in the trial court is the amount claimed at the time when the suit is filed, and in the same volume at page 143, § 93, we find it stated that it is well established as a general rule that jurisdiction once acquired is not defeated by subsequent events, even though they are of such á character as would have prevented jurisdiction from attaching in the first instance.
Barnes, 206 Miss. at 893-94, 41 So.2d at 60 (emphasis added). That rule remains the general rule today. See Jefferson v. State, 556 So.2d 1016, 1021 (Miss.1989); Williams v. State, 459 So.2d 777, 779 (Miss.1984); Bynum v. State, 222 Miss. 632, 637, 76 So.2d 821, 823 (1955)). See also 20 Am. Jur. 2d Courts §§ 96, 102, 104 (2015); 21 C.J.S. Courts §§ 32, 98 (2015). Moreover, the Court has held that “‘interest is a thing that is always growing,’ and costs are steadily increasing in the progress of a cause, if this jurisdiction does not exist today, it may to-morrow. ... ‘[Ijt is not proper’ that a jurisdiction, ‘now become important, should be fluctuating.’” Jackson v. Whitfield, 51 Miss. 202, 206 (1875) (emphasis added).
¶8. Ram-Kabir’s focus on Horton v. White, 254 So.2d 188 (Miss.1971), superseded by statute as recognized by Hobbs Automotive, Inc. v. Dorsey, 914 So.2d 148 (Miss.2005), is unavailing. While the Horton Court did rely on the rule that jurisdiction, once acquired, cannot be defeated by subsequent events, Horton is distinguishable. The issue in Horton was:
the county courts of Mississippi are without jurisdiction to entertain counterclaims in excess of the jurisdictional limit of $10,000 and, therefore, the judgment of the county court could not be res adjudicata of the merits of the controversy and the plea in bar was wrongfully sustained by the court b'elow.
Id. at 189. The case sub judice does not involve counterclaims. Therefore, Horton is not controlling.
¶9. In today’s case, jurisdiction attached when AGI elected to file its complaint in county court. Jurisdiction cannot be divested by upwardly fluctuating attorney’s fees. The County Court of Madison County was not divested of jurisdiction and erred in transferring the case to circuit court. This claim must be transferred back to that court.
The court which first exercises its jurisdiction acquires exclusive jurisdiction to proceed in the case, even though other courts in the same state have concurrent jurisdiction in the matter. Its authority continues until the matter is completely disposed of and no other court, of concurrent jurisdiction can interfere with proceedings.
20 Am. Jur. 2d Courts § 83 (2015).
CONCLUSION
¶10. The jurisdiction of the County Court of Madison County attached when AGI filed its complaint. That court’s jurisdiction was not divested by AGI’s claim that its damages were increasing since the filing of the complaint. Therefore, we reverse the county court’s order transferring this case to circuit court, and we remand this case to the Circuit Court of Madison County with instructions to transfer AGI’s claims as to Ram-Kabir back to the County Court of Madison County for further proceedings consistent with this opinion.
¶11. REVERSED AND REMANDED.
WALLER, C.J., LAMAR, KING, COLEMAN, MAXWELL AND BEAM, *1244 JJ., CONCUR. KITCHENS, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION . JOINED BY WALLER, C.J., LAMAR, KING, MAXWELL AND BEAM, JJ. DICKINSON, P.J., NOT PARTICIPATING. .

. The claim presently is pending in the Ma'di-son County Circuit Court.

. The counts alleged in the complaint are breach of contract (Count I), quantum meruit (Count II), enforcement of construction lien (Count III), and declaratory judgment (Count IV).

.See M.R.A.P. 5.

. In addition to the time and material claim, AGI prayed for "pre- and post-judgment interest, statutory late payment penalty, attorney’s fees, costs, and expenses.” Alternatively, in Count II, it requested "unjust enrich-menVquantum meruit for the fair and reasonable value of the work provided by Contractor, plus pre- and post-judgment interest, statutory late payment penalty, costs and expenses." Neither Count II or Count IV requested attorney’s fees.

. We note that Ram-Kabir did bring this case and its progeny to the attention of the trial court during the hearing.