Leona SHEETS, Plaintiff and Appellee,

v.

LETNES, MARSHALL & FIEDLER, LTD., a professional corporation, and Daniel S. Letnes and F. John Marshall, individually and as agents for the professional corporation, Defendants and Appellants.

Civ. No. 10003.

Supreme Court of North Dakota.

Oct. 19, 1981.

Farhart, Rasmuson, Lian & Maxson, Minot, Roy A. Ilvedson, Minot, and Percy Foreman, Houston, Tex., for plaintiff and appellee; argued by Roy A. Ilvedson, Minot.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for defendants and appellants; argued by Mart R. Vogel, Fargo.

SAND, Justice.

This is an appeal by the defendant, Letnes, Marshall & Fiedler, Ltd., a professional corporation, and Daniel S. Letnes and F. John Marshall, individually and as agents for the professional corporation [hereinafter referred to as Letnes firm], from two orders of the district court of Grand Forks County granted in favor of the plaintiff, Leona Sheets [Leona].

Leona's husband, Harold T. Sheets, died on 14 Sept. 1975 allegedly as the result of a malfunction of a paint sprayer. In addition to Leona, two children survived Harold's death. Leona consulted the Letnes firm some time in October 1975 and entered into a retainer contract with them to institute legal proceedings on behalf of herself and her two children against the Farmers Union Oil Co., St. Joseph's Hospital, and Graco Manufacturing Co. as defendants, to recover damages sustained as a result of Harold's death. The Letnes firm eventually initiated a lawsuit in Leona's name against Graco,

Inc., Farmers Union Central Exchange, and Farmers Union Oil Company by a complaint dated 16 July 1979. However, Leona's case was dismissed because the action was not commenced within the two-year statutory period [North Dakota Century Code § 28–01–18(4)] pursuant to this Court's decision in *Sheets v. Graco, Inc.*, 292 N.W.2d 63 (N.D.1980).[1] The Letnes firm also initiated a lawsuit in September 1978 in the minor children's names against the same defendants. That action was ultimately settled for $150,000 by Leona's present counsel.

Following a dismissal of her action, Leona instituted the present action against the Letnes firm and alleged that they "negligently failed to institute the legal action and commence said wrongful death action within two years following the death of Harold T. Sheets, as required by North Dakota law." The Letnes firm's answer denied negligence and asked for a setoff for attorney's fees and costs incurred for their part in the prosecution of the minor children's action.

Several pretrial motions were consolidated for hearing and after that hearing two orders were entered. The first order granted summary judgment against the Letnes firm on the issue of liability for legal malpractice and also refused to allow the Letnes firm a setoff for reasonable attorney's fees and costs incurred for their part in the representation of the two minor children. The second order granted Leona's motion prohibiting testimony at trial concerning any opinion as to the possibility of recovery against the original defendants; any opinion as the difference in value between the claims of Leona and her children; any opinion as to the likelihood of jury verdicts and the amounts thereof; any opinion as to the decedent's contributory negligence; any opinion as to the decedent's assumption of risk; and any opinion as to the total value of the case and the value or amount in settlement of the children's case to be subtracted from the

---

1. *Sheets v. Graco, Inc.*, 292 N.W.2d 63 (N.D. 1980), was a case of first impression in North Dakota in which a majority of this Court held

that the applicable statute of limitations for a wrongful death action was two years rather than six years.

amount of the verdict in the malpractice suit. The Letnes firm then moved the Court for an order expressly determining that there was no just reason for delay and directing entry of judgment pursuant to those two orders. See Rule 54(b), North Dakota Rules of Civil Procedure. The district court denied the Letnes firm's motion. The Letnes firm then appealed from the two orders.

Leona has moved this Court to dismiss the Letnes firm's appeal because she asserts the orders are interlocutory and therefore nonappealable.

The first order which we will consider is the order granting Leona's motion for summary judgment on the issue of liability.

Leona points out that NDRCivP 56(c) provides that "A summary judgment, *interlocutory in character*, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." [Emphasis added.] Leona cites us to federal authorities which stand for the proposition that an interlocutory summary judgment on the issue of liability is not appealable until the damage issue is resolved. See 10 Wright & Miller, Federal Practice and Procedure, § 2715, p. 420, and § 2737, p. 675. Further, Leona points out that the district court did not make an express determination that there was no reason for delay and an express direction for entry of summary judgment pursuant to NDRCivP 54(b). Based on this, Leona contends that the order granting partial summary judgment on the issue of liability is interlocutory and not appealable.

The Letnes firm asserts that the order is appealable pursuant to North Dakota Century Code § 28–27–02(5), which provides as follows:

"The following orders when made by the court may be carried to the supreme court:

"5. An order which involves the merits of an action or some part thereof;"

The Letnes firm contends that the district court's order in substance denies them the opportunity to present a defense to the issue of their liability, and, therefore, involves the merits of an action and affects their substantial rights.

The right of appeal in this State is statutory. *City of Bismarck v. Walker*, 308 N.W.2d 359 (N.D.1981); *Skoog v. City of Grand Forks*, 301 N.W.2d 404 (N.D.1981). In this respect the North Dakota Legislature has provided that a "judgment or order ... may be removed to the supreme court by appeal as provided in this chapter [NDCC Ch. 28–27]." NDCC § 28–27–01. Section 28–17–02, NDCC, sets out which orders constitute appealable orders and are reviewable by the Supreme Court.

We have said that "only those judgments and decrees which constitute a final determination of the rights of parties *and* those orders enumerated in NDCC § 28–27–02 are appealable." [Emphasis added.] *Mitzel v. Schatz*, 167 N.W.2d 519, 524 (N.D.1968), *aff'd on merits*, 175 N.W.2d 659 (N.D.1970).

Further, our decision in *Rogelstad v. Farmers Union Grain Terminal Association, Inc.*, 224 N.W.2d 544 (N.D.1974), rev'd on merits, 226 N.W.2d 370 (N.D.1975), noted the distinction between that which is appealable pursuant to the federal statutory appeal provisions and our state statutory appeal provisions. See also, *Dangerfield v. Markel*, 222 N.W.2d 373 (N.D.1974), *rev'd on other grounds*, 252 N.W.2d 184 (N.D.1977). In *Rogelstad*, 224 N.W.2d at 546, we said:

"The federal statutory scheme allows appeals from 'all final decisions' of the United States District Courts. 28 U.S.C. 1; 1291 (1970 Ed.). *This establishes criteria for appealability that are obviously different from our own, as § 28–27–02, N.D.C.C., expressly allows appeals from interlocutory orders in certain instances.* Additionally, the factors to be considered in reaching a decision of this nature, such as the over-all caseload of the court, the number of class actions brought in the jurisdiction, and the available methods of alternative review, may well deserve different weight in North Dakota than they do in a given federal jurisdiction. Any such difference accorded these factors mi-

litates against blanket adoption of the federal doctrine." [Emphasis added.][2]

 Our analysis of Leona's motion to dismiss the Letnes firm's appeal requires us to consider the consequences, if any, of the trial court's failure to grant the Rule 54(b) motion. Rule 54(b) deals with finality and does not supersede statutes which control appellate jurisdiction. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438, 76 S.Ct. 895, 901, 100 L.Ed. 1297 (1956); *Mitzel v. Schatz*, 167 N.W.2d at 524. Nor does Rule 54(b) affect the appealability of interlocutory orders which are appealable by statute. 6 Moore's Federal Practice ¶ 54.30[2.–1]. Furthermore, we express no comment whether or not a statute authorizing an appeal may be superseded by a rule adopted by this Court.

In this instance we have serious reservations as to whether or not a Rule 54(b), NDRCivP, order could have been entered because a determination as to the amount of damages was not made and without such a determination the claim was not final in all respects. See, *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976). Further, we do not believe such an order would be necessary because the Letnes firm is relying upon our statutory provisions which confer the right to appeal.

Although the order is not a final determination as to the malpractice claim, if the order is within those orders enumerated in NDCC § 28–27–02, and specifically subsection 5 relating to orders involving the merits of an action or some part thereof, it is appealable. See, *Mitzel v. Schatz*, 167 N.W.2d at 524.

In *Skoog v. City of Grand Forks*, 301 N.W.2d at 407, we quoted with approval the following from *Bolton v. Donavan*, 9 N.D. 575, 84 N.W. 357 (1900):

". . . the phrase 'involves the merits' must be so interpreted as to embrace orders which pass upon substantial legal rights of the suitor, whether such rights do or do not relate directly to the cause of action or subject matter in controversy."

Similarly, in *Northwest Airlines, Inc., v. North Dakota*, 244 N.W.2d 708, 710 (N.D. 1976), we said:

"The words 'merits of the action' cannot be clearly defined in any technical legal sense, however, they can be regarded as referring to significant legal rights as distinguished from technicalities relating to only procedure or form."

In this instance the partial summary judgment on the issue of liability eliminates any defenses to liability which the Letnes firm may interpose. The order effectively denies the Letnes firm the opportunity to present evidence as to whether or not it was reasonable to believe the six-year statute of limitations would apply instead of the two-year statute of limitations. Although the order does allow the Letnes firm to introduce evidence pertinent to the original defendant's liability and to damages sustained by Leona, the order eliminates their opportunity to establish a defense on the issue of their liability. As such, the order operates in a manner similar to that of an order striking an affirmative defense not provable under the remaining allegations which we have held to be appealable. *Dangerfield v. Markel*, 222 N.W.2d 373 (N.D.1974), *reversed on other grounds* 252 N.W.2d 184 (N.D.1977); *Kempel v. Streich*, 196 N.W.2d 589 (N.D.1972); *Granger v. Deaconess Hospital of Grand Forks*, 138 N.W.2d 443 (N.D. 1965).

 Based on the foregoing, we conclude that the district court order granting summary judgment on the issue of liability affects the substantial legal rights of the Letnes firm and therefore is appealable.

---

2. The federal statutory appeals provisions are found in 28 U.S.C.A. § 1291, which provides as follows:

"The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the Unit-

ed States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court."

Having decided that the order is appealable, we must next determine whether or not summary judgment was appropriate.

Summary judgment is a procedural device available for the prompt and expeditious disposition of a controversy without a trial if there is no dispute as to either the material facts and the inferences to be drawn from undisputed facts, or whenever only a question of law is involved. *Herman v. Magnuson,* 277 N.W.2d 445 (N.D. 1979); *Zuraff v. Empire Fire and Marine Insurance Co.,* 252 N.W.2d 302 (N.D.1977). Where different factual inferences may be drawn, they must be drawn in favor of the party opposing summary judgment. *Sigurdson v. Lahr & Lahr, Inc.,* 299 N.W.2d 792 (N.D.1980).

Leona's complaint alleges negligence on the part of the Letnes firm and their answer denies the negligence.

Ordinarily, negligence actions are not appropriate for summary judgment. *Kirton v. Williams Electric Coop, Inc.,* 265 N.W.2d 702 (N.D.1978); *Sagmiller v. Carlsen,* 219 N.W.2d 885 (N.D.1974). In *Kirton, supra,* at 705–706 we said:

"In *Johnson v. American Motors Corporation,* 225 N.W.2d 57 (1974), we quoted with approval this statement from 10 Wright & Miller, Federal Practice and Procedure:

'Although a motion for summary judgment under Rule 56 may be made in any civil action, it is not commonly interposed, and even less frequently granted, in negligence actions.' 10 Wright & Miller, Federal Practice & Procedure: Civil § 2729, p. 559.

"We also said, in syllbus ¶ 3 of *Johnson, supra,* that:

'3. Where questions of negligence, contributory negligence, assumption of risk, proximate cause, and the standard of the reasonable man are in issue, even if there is no dispute as to the evidentiary facts, if there is any doubt as to the existence of a genuine issue as to a material fact, or if the evidence is subject to conflicting interpretations, there is a jury question and summary judgment is improper.' 225 N.W.2d at 58.

In *Wolff v. Light,* 156 N.W.2d 175 (N.D.1968), we said in syllabus ¶ 2:

'2. In cases involving issues of negligence, contributory negligence, assumption of risk and proximate cause, where the standard of the reasonable man must be applied to conflicting testimony, and even where there is no dispute as to the facts, where *inferences may be reasonably drawn from the evidence that indicate the presence of a genuine issue of fact,* summary judgment should not be granted, but these issues should be tried in the usual manner.' [Emphasis added.] 156 N.W.2d at 175–76.

"The Eighth Circuit Court of Appeals has expressed its caution in regard to summary judgment in this way: 'If there exists the slightest doubt as to a factual dispute or "genuine issue of fact," summary judgment should be denied.' *Clausen & Sons, Inc. v. Theo. Hamm Brewing Co.,* 395 F.2d 388, 389 (8th Cir. 1968)."

The standard of care to which an attorney is held in the performance of his professional services is that degree of skill, care, diligence and knowledge as is ordinarily possessed by members of the legal profession in good standing in similar communities. *Feil v. Wishek,* 193 N.W.2d 218 (N.D.1971). It is usually for the trier of facts to determine whether or not the conduct in question meets the applicable standard of care. *Wolff v. Light,* 156 N.W.2d 175 (N.D.1968).

Nevertheless, Leona asserts that the undisputed facts establish legal malpractice as a matter of law. Leona contends that a minimum of research (*i. e.,* study of Century Code annotations) would have revealed decisions which draw "sharp attention to the possibility (to say the very least) that the two-year statute may well apply and be

the rule in a wrongful death action."[3] Further, Leona contends that overlooking a statute of limitations is one situation of negligence where the court can find as a matter of law that malpractice has occurred. See, 90 A.L.R.3d 293.

■ An attorney may well be negligent as a matter of law in overlooking a statute of limitations if the applicability of that statute is well settled in the law. However, in this case there are additional factors to be considered besides the failure to commence the action within the two-year statute of limitations. Prior to this Court's ruling in *Sheets v. Graco, Inc., supra*, the applicable statute of limitations for a wrongful death action was not settled in North Dakota. The degree of uncertainty as to the applicable statute of limitations coupled with the requirement that an attorney exercise the degree of skill and care ordinarily exercised by attorneys under similar circumstances requires a factual determination to ascertain whether or not there was a violation of that standard of care.[4] The standard of care or conduct of a lawyer or layperson before an appellate court rules on a legal issue is necessarily different than the standard of care or conduct after an appellate court decision and reasonable doubt may well exist before that decision.[5]

■ Because different inferences could be drawn from the factual situation presented and because those inferences must be drawn in favor of the party opposing summary judgment, we believe summary judgment was inappropriate.

The remaining issues raised by the Letnes firm are that the trial court erred in issuing an order denying them a setoff for their attorney's fees for their part in prosecuting the minor children's claim and that the trial court erred by issuing an order preventing the introduction of certain evidence, including expert testimony.

■ We do not believe the order denying the setoff for attorney's fees affects a substantial right of the Letnes firm so as to appealable pursuant to NDCC § 28–27–02(5). Nor was a Rule 54(b), NDRCivP, order obtained so as to comply with the finality required by that rule to make such an order appealable.

■ The order preventing the introduction of certain evidence parallels an evidentiary ruling made during trial and is not appealable. *Granger v. Deaconess Hospital of Grand Forks, supra.* However, to the extent these remaining orders are interrelated with the issue of liability, we believe those questions may be reconsidered by the trial court upon receiving this remand or when they arise at trial.

In reaching our conclusion we have not disregarded judicial economy.

The order granting summary judgment on the issue of liability is reversed, and the case is remanded for further proceedings.

ERICKSTAD, C. J., VANDE WALLE and PEDERSON, JJ., and BACKES, District Judge, concur.

BACKES, District Judge sitting in place of PAULSON, disqualified.

---

3. See, *Hubbard v. Libi*, 229 N.W.2d 82 (N.D. 1975); *Sprecher v. Magstadt*, 213 N.W.2d 881 (N.D.1973).

4. We note that expert testimony is permissible to establish the degree of skill and care required whenever the matters to be proved are not within the knowledge of laymen. See, *Winkjer v. Herr*, 277 N.W.2d 579 (N.D.1979).

5. 7 Am.Jur.2d *Attorney at Law* § 201. *Cf. State v. Young*, 87 N.J. 132, 432 A.2d 874 (1981); *State v. Wendling*, 300 Minn. 511, 217 N.W.1d 768 (1974). Furthermore, we note that the applicability of the two-year statute of limitations to wrongful death actions was not unanimously resolved in *Sheets v. Graco, Inc., supra* at 69.