Mary C. GAUER and John L. Gauer, Plaintiffs and Appellees,

v.

William KLEMETSON and Ralph Lutz, co-partners doing business as "Bonanza Sirloin Pit," Defendants and Appellants.

Civ. No. 10333.

Supreme Court of North Dakota.

April 21, 1983.

Ward M. Kirby and Paul G. Kloster (argued), of Mackoff, Kellogg, Kirby & Kloster, Dickinson and Carlan J. Kraft (argued), of Butz & Kraft, Rugby, for plaintiffs and appellees.

Steven A. Storslee of Fleck, Mather, Strutz & Mayer, Bismarck, for defendants and appellants.

VANDE WALLE, Justice.

William Klemetson and Ralph Lutz, co-partners doing business as "Bonanza Sirloin Pit," appealed from an order granting a motion to dismiss their counterclaim for contribution or indemnity against John L. Gauer, and from a judgment dismissing the counterclaim. We dismiss the appeal.

Mary Gauer and John Gauer fell and allegedly were injured while walking in the Bonanza restaurant in Dickinson. The Gauers commenced an action against Bonanza claiming their injuries were caused by Bonanza's negligence. Bonanza answered denying the allegations of negligence and counterclaimed for indemnity or contribution from John Gauer. The counterclaim alleged that any injuries suffered by Mary Gauer were caused by the negligence of John.

John Gauer filed a motion to dismiss the counterclaim. In a memorandum opinion, the district court determined that everything Bonanza sought to recover on its counterclaim could be attained by proper application of the doctrine of comparative negligence and appropriate instructions to the jury. The district court concluded that the counterclaim served no valid purpose, but rather would unnecessarily complicate the issues to be tried and possibly confuse the jury. Accordingly, the court granted John's motion to dismiss Bonanza's counterclaim. The order to dismiss was filed with the clerk of the district court. Subsequently, attorneys for Bonanza prepared a judgment on the counterclaim which was signed by the clerk of court and filed. Bonanza has appealed from both the order dismissing the counterclaim and the subsequent judgment.

Two issues have been raised on appeal:

1. Is the judgment or order for dismissal of Bonanza's counterclaim appealable?

2. If the judgment or order is appealable, was the dismissal of Bonanza's counterclaim proper under North Dakota law?

The right of appeal in this State is statutory, and interlocutory orders are appealable only if authorized by statute. *Bismarck Pub. Sch. v. Ritterbush Assoc.*, 313 N.W.2d 712 (N.D.1981). Unless the court directs the entry of a final judgment pursuant to Rule 54(b), N.D.R.Civ.P.,[1] the dis-

---

1. Rule 54(b), N.D.R.Civ.P., provides:
   "(b) *Judgment Upon Multiple Claims or Involving Multiple Parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all

missal of a counterclaim, or the refusal to dismiss, is interlocutory and ordinarily cannot be appealed prior to the entry of a final judgment in the main action. *Hawkins Chemical, Inc. v. McNea,* 319 N.W.2d 152 (N.D.1982); *Perdue v. Knudson,* 154 N.W.2d 908 (N.D.1967). See also Wright & Miller, *Federal Practice & Procedure:* Civil § 1408 (1971); 6 Moore's *Federal Practice,* § 54.35 (2d Ed.1982). We must determine whether or not the instant appeal is authorized by statute.

■ Bonanza concedes that the court did not direct the entry of a final judgment on the counterclaim pursuant to Rule 54(b), N.D.R.Civ.P.[2] However, Bonanza contends that, in light of our decision in *Sheets v. Letnes, Marshall & Fiedler, Ltd.,* 311 N.W.2d 175 (N.D.1981), compliance with Rule 54(b) is unnecessary and that, in any event, the order dismissing the counterclaim is an order involving the merits of the action and therefore is appealable under Section 28–27–02(5), N.D.C.C.[3]

In *Sheets, supra,* 311 N.W.2d at 179, this court stated:

" ... Rule 54(b) deals with finality and does not supersede statutes which control appellate jurisdiction. *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 438, 76 S.Ct. 895, 901, 100 L.Ed. 1297 (1956); *Mitzel v. Schatz,* 167 N.W.2d [519] at 524. Nor does Rule 54(b) affect the appealability of interlocutory orders which are appealable by statute. 6 Moore's Federal Practice ¶ 54.30[2.–1]. Furthermore, we express no comment whether or not a statute authorizing an appeal may be superseded by a rule adopted by this Court."

■ Bonanza apparently is arguing that even though Rule 54(b) was not complied with, the order dismissing the counterclaim is an appealable interlocutory order under Section 28–27–02(5), N.D.C.C. We do not agree.

The *Sheets* case, relied upon by Bonanza, differs significantly from the instant case. In *Sheets,* the trial court granted Sheets's motion for summary judgment on the issue of liability, leaving for trial the issue of damages. The Letnes firm's subsequent request for a Rule 54(b), N.D.R.Civ.P., order from the court was denied. We noted that the partial summary-judgment order operated "in a manner similar to that of an order striking an affirmative defense not provable under the remaining allegations which we have held to be appealable." *Sheets, supra,* 311 N.W.2d at 179. We held that "the district court order granting summary judgment on the issue of liability affects the substantial legal rights of the Letnes firm and therefore is appealable." *Sheets,* 311 N.W.2d at 179. In *Sheets* the order for partial summary judgment and the subsequent denial of a Rule 54(b) motion did have an effect on the merits because it determined liability, prohibited an appeal on the issue of liability, and restricted the trial to the issue of damages. The order dismissing Bonanza's counterclaim in the instant case has no such effect.

The issues raised in Bonanza's counterclaim have not been disposed of nor have they been decided by the dismissal order of the court. Bonanza's claim for contribution is contingent upon a judgment in favor of Mary Gauer, a determination that Bonanza and John Gauer are jointly or severally

---

the claims and the rights and liabilities of all the parties."
See *Hawkins Chemical, Inc. v. McNea,* 319 N.W.2d 152 (N.D.1982), and *Minch v. City of Fargo,* 297 N.W.2d 785 (N.D.1980), for discussion of the requirements of this rule and a compilation of cases in which the rule has been applied.

**2.** In the instant case, there was no express determination by the court that no just reason for delay existed and there was no express direction for the entry of judgment. The judgment filed in this case was not entered pursuant to Rule 54(b), but instead was prepared by

Bonanza in an apparent attempt to ensure the appealability of the trial court's order dismissing the counterclaim. An order for judgment, as distinguished from the judgment itself, ordinarily is not appealable. See, e.g., *Piccagli v. North Dakota State Health Dept.,* 319 N.W.2d 484 (N.D.1982).

**3.** Section 28–27–02, N.D.C.C., lists the types of orders reviewable by the Supreme Court, including:

"5. An order which involves the merits of an action or some part thereof; ... "

liable in tort for Mary's injuries, and payment by Bonanza in excess of its pro rata share of common liability. Sec. 32–38–01, N.D.C.C. The dismissal of the counterclaim does not preclude Bonanza from introducing evidence of John's negligence as a cause of Mary's injuries. Bonanza retains the opportunity to assert and prove John's negligence as an affirmative defense under the remaining allegations. The issues of liability and the right to appeal the determination of liability and the dismissal of the counterclaim, in an appeal from a final judgment on the merits, remain intact. Accordingly, the order dismissing Bonanza's counterclaim is not an order which involves the merits of the action and therefore is not appealable under Section 28–27–02(5), N.D.C.C.

Because the order dismissing the counterclaim is not an appealable order, we are without jurisdiction and the appeal must be dismissed. *Simpler v. Lowrey,* 316 N.W.2d 330 (N.D.1982). Because the issue of whether or not the counterclaim was properly dismissed may come before us at a future date, any opinion rendered at this time would be advisory in nature and therefore we decline to comment on the issue.

For the reasons stated, the appeal is dismissed.

ERICKSTAD, C.J., and PAULSON, SAND and PEDERSON, JJ., concur.