Thomas AASEN, d.b.a. Aasen's Lawn Sodding Service, Plaintiff and Appellant,

v.

FORSBERG, INC., a corporation, Defendant and Appellee.

Civ. No. 10560.

Supreme Court of North Dakota.

March 29, 1984.

Teevens, Johnson, Montgomery, Minot, for plaintiff and appellant; submitted on brief.

McGee, Hankla, Backes & Wheeler, Minot, for defendant and appellee; submitted on brief.

SAND, Justice.

Aasen appealed from an order transferring the Aasen v. Forsberg, Inc. matter (action) from Bottineau County to Ward County.

Forsberg, Inc. and Aasen's Lawn Sodding Service entered into an oral contract to grade and landscape real estate near Lake Metigoshe, Bottineau County, for $21,000. Forsberg alleged that Aasen negligently performed the work. Forsberg paid $15,000 but withheld the remainder. Forsberg brought action in Ward County against Aasen for a money judgment based on breach of contract and negligent performance. The official record of the Bottineau County action was transmitted to us but not the record of the Ward County action. The briefs, however, indicate that Aasen filed a motion to change the venue

of the *Forsberg, Inc. v. Aasen* action from Ward County to Bottineau County, which was denied.

The record discloses that Aasen then commenced action for a money judgment. The summons placed the venue in Ward County but the complaint placed the venue in Bottineau County. According to the briefs, Aasen moved to dismiss the *Forsberg, Inc. v. Aasen* action venued in Ward County on grounds that the court had no jurisdiction. After further proceedings Forsberg moved to dismiss the *Aasen v. Forsberg, Inc.* action venued in Bottineau County on the grounds that the subject matter came within the provisions of a compulsory counterclaim which should have been made in the Ward County action.

The court, after considering the motion to dismiss, but without ruling on other matters pending, issued a "letter order" which stated "The above-entitled [*Aasen v. Forsberg, Inc.*] matter [venued in Bottineau County] appears to be a compulsory counterclaim to the Ward County case of *Forsberg, Inc. v. Aasen* and as such it is improperly venued in Bottineau County." The court then, pursuant to North Dakota Century Code § 28–04–07, ordered that the Bottineau County case be transferred to Ward County. Aasen appealed, but only from the order transferring the *Aasen v. Forsberg, Inc.* case to Ward County.

Aasen's brief presented legal arguments supporting the concept that amendments to pleadings should be freely permitted. However, that issue is not properly before us for several reasons and we make no comment thereon. If we were to rule on the amendment issue some may treat it as an invitation and accordingly file appeals with the hope of obtaining an advisory opinion, which this Court is not permitted to do. N.D.Const. Art. VI, § 10; *Phoenix Assurance Co. of Canada v. Runck,* 317 N.W.2d 402, 407 (N.D.1982), *cert. denied,* — U.S. ——, 103 S.Ct. 137, 74 L.Ed.2d 117 (1982).

North Dakota Century Code § 28–04–01 provides:

"An action for any one of the following causes must be brought in the county in which the subject matter of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial upon agreement of counsel or in other cases provided by statute:

1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest;

2. For injuries to real property;

3. For the partition of real property;

4. For the foreclosure of a mortgage upon real property;

5. For the taking of property by eminent domain."

In 1983 the Legislature amended this section by adding:

"Where the subject matter of the action is situated in more than one county, only one action need be brought in one of the counties and the judgment rendered in that county shall be effective as to all other counties upon its being docketed therein, and further or supplemental proceedings may be held in each county where the judgment is docketed as though the action had originally been commenced therein."

The basic actions involved in the instant situation were commenced prior to the amendment. The 1983 amendment to NDCC § 28–04–01 does not apply. Nevertheless, it is in complete harmony with the rulings and decisions of this Court holding that bifurcated proceedings, in whatever form, appeals or otherwise, are improper. In addition, bifurcated proceedings are a drain on judicial economy. *Aasen v. Forsberg, Inc.,* which was commenced after *Forsberg, Inc. v. Aasen* was in progress, if permitted to continue separately would have been a bifurcation of the issues as well as an unwarranted burden upon the courts. *City of Williston v. Beede,* 289 N.W.2d 235 (N.D.1980), especially n. 1; and *Shark Bros., Inc. v. Cass County,* 256 N.W.2d 701 (N.D.1977). We have previously expressed concern of "the evils that flow from thoughtless bifurcation or trifurca-

tion of actions." *City of Minot v. Central Avenue News, Inc.,* 325 N.W.2d 243 (N.D. 1982).

Aasen contended that the notice of intent to file a mechanic's lien involved real property located in Bottineau County. However, the record does not disclose that the mechanic's lien was placed in issue. Even if it was, we must recognize the difference between an action enforcing the lien, which is against the property, and an action for a money judgment, which is against the party personally. For that matter, the record before us does not disclose that the lien was pleaded or an effort was made to enforce it.

The court was correct in holding that Aasen's claims in the Bottineau County action should have been raised as a compulsory counterclaim to the Forsberg action venued in Ward County. Rule 13(a), North Dakota Rules of Civil Procedure, provides, in pertinent part:

> "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction...."

The phrase "transaction or occurrence that is the subject matter of the opposing party's claim" should be given a liberal, broad, and realistic interpretation, in the interest of avoiding a multiplicity of suits. *Leo Lumber Co. v. Williams,* 191 N.W.2d 573, 576 (N.D.1971). Any claim which is "logically related" to the claims raised in the opposing party's complaint should be raised as a compulsory counterclaim. *Id.* at 574, Syll. ¶ 7.

In the instant case, Forsberg's action in Ward County sought damages based on breach of contract and negligent performance. Aasen's action in Bottineau County sought damages in the amount of the balance due under the contract. Aasen's claims clearly arise out of the same "transaction or occurrence" and are "logically related" to Forsberg's claims in the Ward County action, and therefore should have been pleaded as a compulsory counterclaim.

Under the circumstances of this case we believe the court acted prudently in transferring the venue of the *Aasen v. Forsberg, Inc.* case from Bottineau County to Ward County, and as such the court did not abuse its discretion. *Basin Electric Power Co-op v. Boschker,* 289 N.W.2d 553 (N.D. 1980).

The order of the district court changing venue is affirmed.

ERICKSTAD, C.J., and PEDERSON, GIERKE and VANDE WALLE, JJ., concur.