**Ernest E. KLEM, Plaintiff and Appellant,**

v.

**Mark L. GREENWOOD and Greenwood, Greenwood & Greenwood, P.C., Defendants and Appellees.**

Civ. No. 890188.

Supreme Court of North Dakota.

Jan. 18, 1990.

Ernest E. Klem, Belfield, pro se.

Zuger, Kirmis, Bolinske & Smith, Bismarck, for defendants and appellees; argued by James S. Hill.

ERICKSTAD, Chief Justice.

Ernest Klem appealed from a district court order [1] dismissing his legal malpractice action against the defendants, Mark L. Greenwood and the law firm of Greenwood,

---

1. Klem's notice of appeal, dated June 14, 1989, states that his appeal is from an "order," dated May 25, 1989, granting the defendants' motion to dismiss. A subsequent judgment consistent with that order was entered on June 7, 1989, and this appeal is therefore properly before us. *Olson v. Job Service of North Dakota,* 379 N.W.2d 285 (N.D.1985); *Dunseith Sand and Gravel Co., Inc. v. Albrecht,* 379 N.W.2d 803 (N.D.1986).

Greenwood & Greenwood, P.C. We reverse and remand.

After a mistrial on two counts of gross sexual imposition, Klem retained the Greenwood law firm to defend him in a second trial on those charges. A jury found Klem guilty on both counts, and he was incarcerated in the State Penitentiary in January 1988. Klem retained a different attorney and appealed his conviction to this court. In *State v. Klem*, 438 N.W.2d 798 (N.D.1989), decided on March 22, 1989, a majority of this court reversed Klem's conviction and remanded for a new trial, holding that the trial court erred in closing the trial to the public during the child victim's testimony without conducting an evidentiary hearing and making findings in accordance with *Waller v. Georgia*, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984). Klem was released from the State Penitentiary, and the State ultimately dismissed the criminal charges against him.

While Klem was incarcerated in the State Penitentiary, the Greenwood law firm initiated a collection action against him in Stark County Court on July 7, 1988, for $2,655.60, the unpaid balance of attorney fees for legal services incurred in Klem's second trial. Klem answered that complaint on July 13, 1988, admitting that the Greenwood firm rendered legal services but disputing the amount due. No counterclaim was filed in that collection action. On March 12, 1989, Klem mailed a summons and complaint in this legal malpractice action to the Greenwood law firm. The action was filed in district court on March 17, 1989. The county court was aware of the malpractice action and, prior to the trial of the collection action on March 17, 1989, the following colloquy occurred:

"[THE COURT] Additionally there was one other matter that I wanted to bring up to the parties. I was informed by the Clerk of the District Court that an attempt was made to file an action regarding Mr. Greenwood this last week, in the District Court, which may be the basis of a compulsory counter claim. Can you shed any light on that Mr. Klem, and your effort to file.

"MR. KLEM: I—my claim against Mr. Greenwood is—is due to the fact that I did not receive a effective assistance of counseling during my trial and that is—those are my grounds and Mr. Greenwood probably is aware of now—I filed the papers with the Clerk of Court and I've got them with me as evidence—documented evidence, notarized, and I will deliver them to the Clerk of District Court today. I did not make a $20.00 filing fee. And—what I've got—that it—I can present—that is evidence to the Court and you may identify it and that is why I am basically here is—because I wish to file a counter claim or a counter suit against Mr. Greenwood in behalf of the amount that I am—that he is asking from me. And I'm asking that the amount—not this particular amount—but the amount that I have paid him—I would wish—I wish to file then.

\*　　\*　　\*　　\*　　\*　　\*

"MR. KLEM: I will just file a counter claim for this—for the amount that Mr. Greenwood is asking me. And the other legal malpractice case that I have filed against Mr. Greenwood, I wish that to be a separate entity from this.

"THE COURT: Mr. Buresh?

"MR. BURESH: Well, Your Honor, I think the Court is aware that as of this time there has been no counter claim filed with this Court. Nor has Mr. Greenwood been served with any counter claim regarding the issues of this action. And to attempt to do so at this point would clearly be untimely. And would not comport with Rule 13 of the North Dakota Rules of Procedure.

"THE COURT: I recognize that's true. I guess I have some concerns about if there is going to be an action file. It is in fact a compulsory counter claim and if, in fact, then, this matter should be heard separately or in tandem with that in the District Court. What's your position on that?

"MR. BURESH: We haven't been served with anything and we're not aware that there is an action pending.

"THE COURT: My only awareness comes from a conversation with the Clerk of the District Court who informed me that an action was attempted to be filed by this—

"MR. BURESH: We're aware of that too. But we haven't been served with anything, it's hard to respond to it. Because we don't know what the substance of the action is. Or whether it's more appropriately tried in this form or in another form.

"I guess we're ready to proceed today with the issues that are before the bench.

\*       \*       \*       \*       \*       \*

"MR. KLEM: The [legal malpractice] lawsuit is for three million dollars ($3,000,000.00) total.

"THE COURT: Well, if that is a compulsory counter claim, I guess that exceeds the jurisdiction of the County Court. In fact, it is a compulsory counter claim.

"Well, Mr. Buresh, what is your suggestion then as to how to proceed here today?

"MR. KLEM: Your Honor, I guess that will go into the—during the trial.

"MR. BURESH: Could we have a few minutes research—ah—recess? To discuss this matter.

"THE COURT: I think we should. We're going to recess for a few minutes. "(Court recesses for a short period of time.)

"THE COURT: Stark County Court will come back to Order in C88–160. Record should show all of the parties present as were present prior to the recess. Mr. Buresh?

"MR. BURESH: Your Honor, Mr. Klem has stated, I think made it emphatic to the Court, his preference that his claim for malpractice against Mr. Greenwood, not be a part of this action and be made a separate entity, under those conditions I don't think it should be considered a counter claim. And we should proceed with the issues before the Court today.

"THE COURT: Mr. Klem?

\*       \*       \*       \*       \*       \*

"THE COURT: You wish to proceed then at this time, Mr. Klem?

"MR. KLEM: Yes, I do.

"THE COURT: You wish to proceed as well, Mr. Buresh?

"MR. BURESH: Yes, Your Honor."

After a bench trial in the collection action, the county court found that Klem owed the Greenwood firm $2,655.60 plus interest and costs and disbursements. The county court further found:

"3. The court was informed prior to the commencement of this trial that defendant had filed a legal malpractice action against the plaintiff corporation in the District Court of the Southwest Judicial District; the defendant was informed that the same constituted a compulsory counterclaim and offered the defendant an opportunity for continuance of the above entitled matter and the opportunity to transfer this collection suit for consideration by the District Court together with the malpractice action, but that Defendant Klem requested that the issues before this court be heard as a separate matter."

We affirmed the county court judgment in *Greenwood, Greenwood & Greenwood v. Klem*, 450 N.W.2d 745 (N.D.1990).

In this malpractice action against Mark Greenwood and the Greenwood law firm, Klem alleges that they were negligent in their representation of him during the second criminal trial in November 1987. The defendants answered, denying the allegations of negligence.

The defendants moved to dismiss the malpractice action, asserting that it constituted a compulsory counterclaim to the collection action in county court. The defendants contended that by failing to plead the alleged acts of negligence as a counterclaim, Klem was barred as a matter of law from asserting that claim as a separate action. Relying on language in *State v. Klem, supra*, the defendants also moved for summary judgment, contending that, as

a matter of law, Mark Greenwood had met the appropriate standard of care by objecting to the closure of the second criminal trial and therefore was not negligent. The district court granted the defendants' motion to dismiss and also granted their motion for summary judgment. Klem has appealed.

We initially consider whether Klem is precluded from bringing this legal malpractice action because he did not assert it as a counterclaim in the county court collection action. He argues that his legal malpractice action is not a compulsory counterclaim to the collection action in county court. The defendants respond that Klem's legal malpractice action is a compulsory counterclaim under Rule 13, N.D.R.Civ.P.,[2] and was required to be heard with the collection action.

■ Generally, if a claim is a compulsory counterclaim to another party's pleading, the claim must be pleaded in response to the other party's pleading or it is precluded from being raised in a subsequent action. *Leo Lumber Company v. Williams*, 191 N.W.2d 573 (N.D.1971); Rule 13(a), N.D.R. Civ.P. However, if a claim is a permissive counterclaim to another party's pleading, the claim is not barred by the failure to plead it in response to the other party's pleading. *Dangerud v. Dobesh*, 353 N.W.2d 328 (N.D.1984); Rule 13(b), N.D.R. Civ.P.

Professor Moore notes that Rule 13, F.R. Civ.P.,[3] does not expressly state that the penalty for failure to plead a compulsory counterclaim is to bar its later assertion, but that that result follows from the principle that res judicata applies to all issues raised, or issues that could have been raised. 3 Moore's Federal Practice ¶ 13.12[1] at 13–52 (2d ed.1989); *see* 6 Wright & Miller, Federal Practice and Procedure, § 1417 (1971). However, some exceptions to the strict application of the doctrine of res judicata have been recognized in the area of compulsory counterclaims. 3 Moore's Federal Practice, *supra,* at 13–56. Thus, res judicata does not bar a subsequent action which is based upon a compulsory counterclaim where the parties have agreed to reserve the issues in the counterclaim for later resolution. *Benjamin v. United States*, 348 F.2d 502, 172 Ct.Cl. 118 (1965); *see Lane Co. v. Busch Development, Inc.*, 662 P.2d 419 (Wyo.1983) [under Wyoming compulsory counterclaim rule patterned after F.R.Civ.P. 13(a) ].

That principle is in accord with the Restatement of Judgments (Second) § 26(1)(a) p. 233 (1982):

"(1) When any of the following circumstances exists, the general rule of § 24 [against splitting a cause of action] does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:

"(a) The parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein; ..."

The official comment to that section provides:

"A main purpose of the general rule stated in § 24 [against splitting a cause of action] is to protect the defendant from being harassed by repetitive actions based on the same claim. The rule is thus not applicable where the defendant consents, in express words or otherwise, to the splitting of the claim.

---

**2.** Rule 13, N.D.R.Civ.P., provides:

"*(a) Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction...

"*(b) Permissive Counterclaims.* A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."

**3.** Rule 13, N.D.R.Civ.P., is patterned after the corresponding federal rule, and we may therefore look to relevant authorities interpreting the federal rule for guidance in construing our rule. *E.g., Leo Lumber Company v. Williams*, 191 N.W.2d 573 (N.D.1971).

"The parties to a pending action may agree that some part of the claim shall be withdrawn from the action with the understanding that the plaintiff shall not be precluded from subsequently maintaining an action based upon it. The agreement will normally be given effect...."

■ Assuming *arguendo* that Klem's legal malpractice claim would have been barred by the county court collection action under a strict application of the compulsory counterclaim rule [*see Dangerud v. Dobesh,* 353 N.W.2d 328 (N.D.1984); *Leo Lumber, supra* ], the foregoing authorities demonstrate that the parties may agree to reserve that counterclaim for later resolution. In this case, as previously noted, the following colloquy occurred in the county court collection action:

"[Mr. Buresh]: Your Honor, Mr. Klem has stated, I think made it emphatic to the Court, his preference that his claim for malpractice against Mr. Greenwood, not be a part of this action and be made a separate entity, under those conditions I don't think it should be considered a counter claim. And we should proceed with the issues before the Court today.

　　*　*　*　*　*　*

"THE COURT: You wish to proceed then at this time, Mr. Klem?

"MR. KLEM: Yes, I do.

"THE COURT: You wish to proceed as well, Mr. Buresh?

"MR. BURESH: Yes, Your Honor."

Those statements indicate that the parties agreed or acquiesced in reserving Klem's legal malpractice claim for later resolution.[4] Although the defendants are represented by different counsel in this district court action, there is no legal reason why they should not be bound by that agreement in the county court action. *Cf. Rummel v. Rummel,* 265 N.W.2d 230 (N.D.1978) [generally, in the absence of unusual circumstances, new counsel on appeal is limited to the same issues that prior

counsel would have been able to raise and the issues and positions of the respective parties remain the same]. Under these circumstances, the district court erred in concluding that Klem's legal malpractice claim was barred by his failure to raise it as a counterclaim in county court.

However, the district court alternatively granted the defendants' motion for summary judgment. The defendants' motion was premised upon their assertion that our decision in *State v. Klem, supra,* established that Mark Greenwood had, as a matter of law, met the appropriate standard of care for an attorney by objecting to closing part of the second criminal trial to the public.

■ It is well established that summary judgment is a procedural tool available for the prompt and expeditious disposition of a controversy without a trial if there is no dispute as to either the material facts and the inferences to be drawn from undisputed facts, or if only a question of law is involved. *E.g., Sheets v. Letnes, Marshall & Fiedler, Ltd.,* 311 N.W.2d 175 (N.D. 1981). If different factual inferences may be drawn, they must be drawn in favor of the party opposing summary judgment. *Id.* Ordinarily summary judgment is inappropriate for negligence actions, including legal malpractice actions. *Id.*

■ The elements of a legal malpractice claim against an attorney for professional negligence are a duty by the attorney to the client, a breach of that duty by the attorney, and damages to the client proximately caused by the breach of that duty. *Wastvedt v. Vaaler,* 430 N.W.2d 561 (N.D.1988). The standard of care or duty to which an attorney is held in the performance of professional services is that degree of skill, care, diligence, and knowledge commonly possessed and exercised by a reasonable, careful, and prudent attorney in the state. *Wastvedt v. Vaaler, supra; Sheets v. Letnes, Marshall & Fiedler, Ltd., supra.* Generally, it is a question of fact for the trier of fact to determine if an attorney's conduct complies with that stan-

---

**4.** Klem also could have moved to transfer the entire case to district court under Section 27-

07.1–33, N.D.C.C.

dard of care or duty. *Sheets v. Letnes, Marshall & Fiedler, Ltd., supra.*

The defendants argue that because *State v. Klem, supra,* held that the trial court, not counsel, erred in closing Klem's second criminal trial, that decision established that, as a matter of law, they met the appropriate standard of care for an attorney. The defendants also argue that because the conviction has been reversed by virtue of trial court error, the acts by Greenwood, even if they are assumed to have taken place and are assumed to have constituted acts of negligence, caused no damage. We disagree.

In *State v. Klem,* this court said that Greenwood's objection to the partial closure of the second criminal trial was sufficient to preserve the issue for appellate review and that the trial court erred in excluding the public from the trial without holding the necessary hearing and making specific findings. This court did not hold, as a matter of law, that Greenwood had met the degree of skill, care, diligence, and knowledge commonly possessed and exercised by a reasonable, careful, and prudent attorney. Whether or not Greenwood's conduct met that standard of care was not an issue in that case. *State v. Klem* is therefore not dispositive of this issue, and disputed factual issues exist about whether or not Greenwood complied with the appropriate standard of care.[5] In addition to the public trial issue, Klem also alleged other acts of malpractice, including, but not limited to, the failure to adequately cross-examine a complaining witness. Disputed factual issues also exist for those allegations. Moreover, merely because this court reversed Klem's conviction does not mean that any alleged malpractice caused no damage. *See Holliday v. Jones,* 216 Cal. App.3d 102, 264 Cal.Rptr. 448 (1989). We therefore conclude that the district court

erred in granting summary judgment on Klem's legal malpractice action.

The district court judgment is reversed and the case is remanded for further proceedings.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.

MESCHKE, Justice, concurring.

I join the opinion by the Chief Justice. I write separately to point out that NDCC 27-07.1-33 permits, but does not compel, a counterclaim which exceeds the monetary limit of county court jurisdiction. A defendant may choose between various courses for a counterclaim exceeding the limit, even a counterclaim ordinarily deemed compulsory. If the counterclaim is plead, the defendant may require transfer of the entire case to district court. If the defendant does not move to transfer, the "counterclaim must be stricken and the case ... proceed as though no counterclaim ... had been pleaded." NDCC 27-07.1-33. The statute does not proclaim that a stricken or an unplead counterclaim exceeding the jurisdictional limit will be precluded.

Where a formal barrier existed against full presentation of a claim in the first action, "it is unfair to preclude [a claimant] from a second action in which he can present those phases of the claim which he was disabled from presenting in the first." Restatement (Second) of Judgments § 26 comment c (1982). *See Horton v. White,* 254 So.2d 188 (Miss.1971) and 20 Am.Jur.2d Courts § 169 (1965). Klem could not be wholly barred by his failure to make a counterclaim which was in excess of the limited jurisdiction of the county court.

---

**5.** We note that expert testimony is generally necessary to establish an attorney's standard of care or duty and whether the attorney's conduct in a particular case deviated from that standard of care. *Wastvedt v. Vaaler, supra.* A party opposing a motion for summary judgment must present competent evidence, by affidavit or otherwise, to demonstrate that a factual dispute exists. *E.g., Northern Trust Co. v. Buckeye Pe-*

*troleum Co.,* 389 N.W.2d 616 (N.D.1986). In this case, the defendants' motion for summary judgment was not based upon the failure of Klem to procure an opinion about Greenwood's representation. The action had not yet proceeded to the stage of whether or not Klem could produce an expert opinion on Greenwood's representation.